1 **NATHAN & ASSOCIATES, APC**
2 Reuben D. Nathan (State Bar No. 208436)
  600 W. Broadway, Suite 700
3 San Diego, California 92101
  Telephone; (619) 272-7014
4 Facsimile:  (619) 330-1819
  E-Mail: rnathan@nathanlawpractice.com
5

6 | UNITED STATES DISTRICT COURT

7 | NORTHERN DISTRICT OF CALIFORNIA

8

9 | ISMAIL IMRAN, an individual and behalf all | Case No.
10 | others similarly situated
    | | **CLASS ACTION COMPLAINT**
11
12
13 | Plaintiff, | **JURY TRIAL DEMANDED**
14
15 | v.
16
17
18 | VITAL PHARMACEUTICALS, INC.,
   | d/b/a VPX Sports, a Florida corporation;
19 | and DOES 1 through 25, inclusive
20
21
22 | Defendants
23
24
25
26
27
28
---
CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

Plaintiff, Ismail Imran (collectively, "Plaintiff") bring this action on behalf of herself and all others similarly situated against VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports, a Florida corporation and DOES 1 through 25 (otherwise referred to as "Defendants").  Plaintiff makes the following allegations based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## INTRODUCTION

1. This is a class action lawsuit against Defendants for selling

2. VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports (VPX) is an American company that allegedly focuses on making the highest quality nutritional supplements on the market.

3. VPX manufactures, distributes, and sells a variety of products, including, but not limited to the BANG® product line.

4. Jack Owoc, CEO, CSO (Chief Scientific Officer) and founder of VPX Sports Nutrition established in 1993.  Jack Owoc claims that he and his elite team run VPX, Bang and Redline with the same passion, energy and enthusiasm as I did 24 years ago.  On the VPX website, Jack Owoc states on behalf of VPX that he "entered into the supplement industry was my disgust for unscrupulous supplement manufacturers who were intentionally mislabeling their supplements and ripping the public off.  However, let's be crystal clear; my broader vision was to create supplements that were super potent and highly effective – supplements so effective that they had the power to positively impact lives and radically improve health in a very short period of time."[1]

5. VPX represents to its consumers that "All of our raw materials are received into the warehouse, quarantined, and then tested for efficacy in our own state of the art laboratories to ensure that we only provide the end-consumer with the best product possible. Raw materials are sampled and taken to the quality control lab for analysis. Our analysis of each ingredient is conducted by tests on several levels; first through our high-performance liquid chromatography (HPLC) units that

---

[1] https://vpxsports.com/about-us/?doing_wp_cron=1537290960.7476310729980468750000 (last visited Sept. 2018)

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

1

confirm the identity and purity levels of the ingredient; and second, the physical characteristics of the compound are verified through our infrared spectroscopy (IR) machine. Once the test results meet our set release specifications and the supplier's certificate of analysis, the ingredient is released and can be utilized within manufacturing. Maintaining this high level of testing ensures that every VPX product is manufactured to its intended design and that we continually produce products that meet and exceed our customers' expectations."[2]

6. Defendant's BANG® energy drink product line not only promotes health and wellness benefits i.e. "POTENT BRAIN AND ROCKET BODY FUEL," and highlights the fact each contain SUPER CREATINE, BCAA's, and ULTRA COQ10.

7. Defendant manufactures, distributes, advertises and sells BANG® branded energy drinks, which include:

- Cotton Candy
- Lemon Drop
- Root Beer
- Blue Razz
- Sour Heads
- Peach Mango
- Star Blast
- Power Punch
- Champagne
- Black Cherry Vanilla
- Pina Colada
- Purple Guava Pear
- Citrus Twist
- Purple Haze
- Cherry Blade Lemonade
- Lemon Drop Sweet Tea

---

[2] *Id.*

    • Sweet Ice Tea
    • Rainbow Unicorn
    • Georgia Peach Sweet Tea

8. VPX also sells caffeine-free versions of BANG® energy drinks which are offered in the following flavors:

    • Sour Heads
    • Cotton Candy
    • Black Cherry Vanilla
    • Purple Guava Pear
    • Cherry Blade Lemonade
    (collectively the "Products").

9. Defendants make specific representations regarding health and wellness benefits of its Products. Defendants' representations that the Products are false, misleading, and deceptive because the Products do not provide health and wellness benefits.

10. Defendants' labeling and marketing of the Products as providing health and wellness benefits such providing mental focus and body fuel is false, misleading, and deceptive, which would deceive or mislead a reasonable person.

11. Consumers lack the meaningful ability to test or independently ascertain or verify a product's claims, especially at the point of sale. Consumers would not know the true nature of the ingredients merely by reading the ingredients label.

12. Discovering that the ingredients do not provide health benefits requires scientific investigation and knowledge of chemistry beyond that of the average consumer. That is why, even though the ingredients listed above are specifically identified on the back of the Products' packaging in the ingredients list, the reasonable consumer would not understand – nor are they expected to understand.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

3

13. Moreover, the reasonable consumer is not expected or required to scour the ingredients list on the back of the Products in order to confirm or debunk Defendant's prominent front-of-the-product claims, representations, and warranties that the Products provide health and wellness benefits.

14. Plaintiff and members of the classes described below paid a premium for Defendant's Products over comparable products that did not purport to have health and wellness benefits. Contrary to representations on the Products' labeling, consumers receive Products that are not supported by the labeling and marketing in promoting the Products.

15. Defendant's representation that the Products provide health and wellness benefits are unfair, unlawful, and fraudulent conduct, is likely to deceive members of the public, and continues to this day. As such, Defendant's practices violate California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"). Plaintiff also brings claims for fraud, unjust enrichment and breach of express warranty.

**JURISDICTION AND VENUE**

16. This Court has personal jurisdiction over Defendant. Defendant purposefully avails itself of the California consumer market and distributes the Products to hundreds of locations within this County and thousands of retail locations throughout California, where the Products are purchased by thousands of consumers every day.

17. This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum

of $5,000,000.00, exclusive of interest and costs.  Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

18. Venue is proper in this District under 28 U.S.C. § 1391(a).  Plaintiff's purchases of Defendant's Products, substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of the Products, occurred within this District and the Defendants conducts business in this District.

**PARTIES**

19. Plaintiff Ismail Imran ("Imran" or "Plaintiff") is a citizen of California, residing in Elk Grove, California.  From 2017 to 2018, Plaintiff made several purchases of Defendant's Products from various stores in and near San Francisco and Sacramento County, California.  Prior to purchasing BANG® Products, Mr. Imran saw and read the product packaging, and relied on the representation and warranty that the product would provide health and wellness benefits.  Prior to purchasing, Mr. Imran also saw, read and relied on the representation and warranty that the Products are "POTENT BRAIN AND BODY ROCKING FUEL," "It s not your stereotypical…energy drink," "Power up with BANG®'s potent brain & body-rocking fuel: Creatine, Caffeine, CoQ10 & BCAAs (Branched Chain Amino Acids)," "Life is an Xtreme Sport and BANG® is the Xtreme Energy source to Live Life Xtreme!," "healthiest energy drink," or contain sufficient amounts of "SUPER CREATINE," "BCAA AMINOS," "ULTRA COQ10" or contain sufficient amounts of "SUPER CREATINE," "BCAA AMINOS," "ULTRA COQ10" to cause the other representations to be true.  Mr. Imran understood these representations to mean that BANG® Products provided health and wellness benefits. Mr. Imran purchased BANG® Products at a substantial price premium, and would not have bought the Products had he known that the labeling and marketing he relied on was false, misleading, deceptive and unfair.  Mr. Imran would purchase the Products again in the future if Defendant changed the composition of the Products so that they conformed to their labeling and marketing.

20. Defendant Vital Pharmaceuticals, Inc. ("VPX") is a Florida Corporation that has its principal place of business at 1600 North Park Drive, Weston, Florida 33326.

21. Defendant produces, markets and distributes various nutritional supplement products through VPX's website and in retail stores across the United States. Defendant knew that the labeling of the Products is false and misleading to a reasonable consumer, because the Products contain low amounts of the promoted ingredients which make the alleged health and wellness benefits ineffective, which are inconsistent with the Product labeling.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

22. Consumers have become increasingly concerned about the effects of ingredients nutritional related products. Although not regulated, the FDA has taken measures to attempt to educate consumers in this area.[3] As a result, consumers are willing to pay, and have paid, a premium for products with labels that make certain health and wellness[4] claims over other products that do not.

23. Among its several representations, VPX claims that BANG® contains amounts of "SUPER CREATINE," a compound allegedly invented by VPX, branched chain amino acids "BCAA AMINOS"), and Co-enzyme Q10 ("COQ10").

24. VPX represents that consuming BANG® can "reverse mental retardation."

25. VPX represents that Consuming BANG® can also help cure "Alzheimer's Disease, Parkinson's Disease, Huntington's Disease, and other forms of dementia."

26. VPX represents that BANG® is the "healthiest energy drink" on the market. SUPER CREATINE is more effective at reaching the brain than other forms of creatine.

27. VPX represents that it is "POTENT BRAIN AND BODY ROCKING FUEL."

28. VPX represents that "It s not your stereotypical…energy drink."

29. VPX represents that consumers can "Power up with BANG®'s potent brain & body-rocking fuel: Creatine, Caffeine, CoQ10 & BCAAs (Branched Chain Amino Acids).

30. VPX represents that "Life is an Xtreme Sport and BANG® is the Xtreme Energy source to Live Life Xtreme!"

---

[3] https://www.fda.gov/food/resourcesforyou/consumers/ucm109760.htm (last visited September 2018)
[4] https://shcs.ucdavis.edu/wellness/what-is-wellness (last visited September 2018)

31. The front label of every one of the BANG® Products state prominently in lettering the words "SUPER CREATINE," and "POTENT BRAIN AND BODY ROCKING FUEL."

32. The back label of every one of the BANG® Products state prominently in lettering the words "BCAA AMINOS," "ULTRA COQ10," "It s not your stereotypical…energy drink," "Power up with BANG®'s potent brain & body-rocking fuel: Creatine, Caffeine, CoQ10 & BCAAs (Branched Chain Amino Acids)," "Life is an Xtreme Sport and BANG® is the Xtreme Energy source to Live Life Xtreme!"

33. The BANG® brand products that are the subject of this lawsuit include: Cotton Candy, Lemon Drop, Root Beer, Blue Razz, Sour Heads, Peach Mango, Star Blast, Power Punch, Champagne, Black Cherry Vanilla, Pina Colada, Purple Guava Pear, Citrus Twist, Purple Haze, Cherry Blade Lemonade, Lemon Drop Sweet Tea, Sweet Ice Tea, Rainbow Unicorn, Georgia Peach Sweet Tea, Sour Heads, Cotton Candy, Black Cherry Vanilla, Purple Guava Pear, and Cherry Blade Lemonade (collectively, "Products").

34. An example of BANG® Products containing the front labeling is as follows:



CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

7

35. An example of BANG® Products containing the back labeling is as follows:




35. An example of BANG® Products containing the entire label is as follows:



36. On information and belief, BANG® Products have contained the labels at all times during the class period.

37. Based on the language that appears on the front of each product, Plaintiff reasonably believed that BANG® Products contained sufficient amounts of SUPER CREATINE, BCAA AMINOS, and ULTRA COQ10 and in such amounts that contributed to "POTENT BRAIN AND BODY ROCKING FUEL," "It s not your stereotypical…energy drink," "Power up with BANG®'s potent brain & body-rocking fuel: Creatine, Caffeine, CoQ10 & BCAAs (Branched Chain Amino Acids)," "Life is an Xtreme Sport and BANG® is the Xtreme Energy source to Live Life Xtreme!," and the prominent lettering of the words "SUPER CREATINE", "BCAA AMINOS," "ULTRA COQ10," and "the healthiest energy drink."

38. The phrases "POTENT BRAIN AND BODY ROCKING FUEL," "It s not your stereotypical…energy drink," "Power up with BANG®'s potent brain & body-rocking fuel: Creatine, Caffeine, CoQ10 & BCAAs (Branched Chain Amino Acids)," "Life is an Xtreme Sport and BANG® is the Xtreme Energy source to Live Life Xtreme!," "the healthiest energy drink," and the prominent lettering of the words "SUPER CREATINE", "BCAA AMINOS," "ULTRA COQ10," are all representations to a reasonable consumer that BANG® brand Products contain ingredients or the ingredients in sufficient amounts that cause the representations to be true. The phrases are false or misleading to a reasonable consumer because BANG® brand Products do not contain ingredients or at least in sufficient amounts to cause the representations to be true.

39. The ingredients that cover the face of the BANG® Products, such as "SUPER CREATINE," "BCAA AMINOS," and "ULTRA COQ10" are low amounts to make them ineffective which has been verified by independent laboratory testing. Defendants' representations concerning BANG® are false or misleading.

40. Based on the language that appears on the front and back of each Product, Plaintiff Imran believed that BANG® brand Products contained ingredients for Defendants' representations to be true.

41.     Defendant knew that consumers, including Plaintiff would pay for Products labeled "POTENT BRAIN AND BODY ROCKING FUEL," "It s not your stereotypical…energy drink," "Power up with BANG®'s potent brain & body-rocking fuel: Creatine, Caffeine, CoQ10 & BCAAs (Branched Chain Amino Acids)," "Life is an Xtreme Sport and BANG® is the Xtreme Energy source to Live Life Xtreme!," and intended to deceive Plaintiff and putative class members by labeling BANG® brand Products as purportedly natural products.

## CLASS ALLEGATIONS

                42.     Plaintiff Imran seeks to represent a class defined as all persons in the United States who purchased the Products during the class period (the "Class").  Excluded from the Class are Defendant, its affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.

                43.     Plaintiff Imran also seek to represent a Subclass of all persons in California who purchased the Products during the class period (the "California Subclass").  Excluded from the California Subclass are Defendant, its affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.

                44.     There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the putative classes that predominate over questions that may affect individual Class members include, but are not limited to the following:

        a.     whether Defendant misrepresented material facts concerning the Products on the label of every product;

        b.     whether Defendant's conduct was unfair and/or deceptive;

        c.     whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon them by Plaintiff and the classes;

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

      d.      whether Defendant breached express warranties to Plaintiff and the classes;

      e.      whether Plaintiff and the classes have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

45. Plaintiff's claims are typical of those of other class members because Plaintiff, like all members of the classes, purchased Defendants' Products bearing the representations and Plaintiff sustained damages from Defendants' wrongful conduct.

46. Plaintiff will fairly and adequately protect the interests of the classes and have retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the classes.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

48. The prerequisites to maintaining a class action for equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the classes, thereby making appropriate equitable relief with respect to the classes as a whole.

49. The prosecution of separate actions by members of the classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the classes even where certain Class members are not parties to such actions.

**COUNT I**
**Violation Of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §§ 1750, *et seq.***
(Injunctive Relief Only – Reservation of Rights to Include Damages)

50. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

51. Plaintiff Imran brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

52. This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

53. Plaintiff Imran and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Products for personal, family, or household purposes.

54. Plaintiff Imran, the other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

55. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendants in transactions intended to result in, and which did result in, the sale of goods to consumers.

56. As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff Imran and the other members of the California Subclass that the Products are "POTENT BRAIN AND BODY ROCKING FUEL," "It's not your stereotypical…energy drink," "Power up with BANG®'s potent brain & body-rocking fuel: Creatine, Caffeine, CoQ10 & BCAAs (Branched Chain Amino Acids)," "Life is an Xtreme Sport and BANG® is the Xtreme Energy source to Live Life Xtreme!," or contain sufficient amounts of "SUPER CREATINE," "BCAA AMINOS," "ULTRA COQ10" or contain sufficient amounts to cause the other representations to be true.

57. As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

58. Plaintiff mailed CLRA letter to Defendants on September 19, 2018.

59. Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff Imran, on behalf of themselves and all other members of the California Subclass, seeks injunctive relief against Defendant's acts and practices.

## COUNT II
### Violation Of California's Unfair Competition Law ("UCL"),
### California Business & Professions Code §§ 17200, *et seq.*

60. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

61. Plaintiff Imran brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

62. Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

63. Defendant violated the "unlawful" prong of the UCL by violating the CLRA and the FAL, as alleged herein.

64. Defendant's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

65. Defendant violated the "fraudulent" prong of the UCL by misrepresenting that the Products contain ingredients promoting health and wellness.

66. Plaintiff Imran and the California Subclass lost money or property as a result of Defendant's UCL violations because: because: (a) they would not have purchased the Products on the same terms if they knew that the representations regarding the Products were false or misleading (b) they paid a substantial price premium due to Defendant's misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

## COUNT III
### Violation Of California's False Advertising Law ("FAL"),
### California Business & Professions Code §§ 17500, *et seq.*

67. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

68. Plaintiff Imran brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

69. California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

70. Defendant committed acts of false advertising, as defined by §§17500, *et seq.*, by misrepresenting that the Products are "natural" when they are not.

71. Defendant knew or should have known through the exercise of reasonable care that their representations about the Products were untrue and misleading.

72. Defendant's actions in violation of §§ 17500, *et seq.* were false and misleading such that the general public is and was likely to be deceived. Plaintiff Imran and the California Subclass lost money or property as a result of Defendant's FAL violations because: (a) they would not have purchased the Products on the same terms if they knew that the truth regarding the Products; (b) they paid a substantial price premium due to Defendant's misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

### COUNT IV
### Breach of Express Warranty

73. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

74. Plaintiff brings this claim individually and on behalf of the proposed Class, California Subclass against Defendant.

75. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that the Products are "POTENT BRAIN AND BODY ROCKING FUEL," "It s not your stereotypical…energy drink," "Power up with BANG®'s potent brain & body-rocking

fuel: Creatine, Caffeine, CoQ10 & BCAAs (Branched Chain Amino Acids)," "Life is an Xtreme Sport and BANG® is the Xtreme Energy source to Live Life Xtreme!," or contain sufficient amounts of "SUPER CREATINE," "BCAA AMINOS," "ULTRA COQ10" or contain sufficient amounts to cause the other representations to be true.

76. Defendant's express warranties, and its affirmations of fact and promises made to Plaintiff and the Class regarding the Products, became part of the basis of the bargain between Defendant and Plaintiff and the Class, thereby creating an express warranty that the Products would conform to those affirmations of fact, representations, promises, and descriptions.

77. The Products do not conform to the express warranty because the representations are false or misleading.

78. As a direct and proximate cause of Defendant's breach of express warranty, Plaintiff and Class members have been injured and harmed because: (a) they would not have purchased the Products on the same terms if they knew the truth about the Products; (b) they paid a substantial price premium based on Defendant's express warranties; and (c) the Products do not have the characteristics, uses, or benefits as promised.

79. On September 19, 2018, Plaintiff Imran mailed a notice letter to Defendant consistent with Cal. Com. Code § 2607(3)(a) and U.C.C. 2-607(3)(A). The letter was sent on behalf of Irman and all other persons similarly situated.

## COUNT V
## Unjust Enrichment

80. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

81. Plaintiff brings this claim individually and on behalf of the proposed Class, California Subclass against Defendant.

82. Plaintiff and class members conferred benefits on Defendant by purchasing the Products.

83. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff' and class members' purchases of the Products. Retention of those monies under these

circumstances is unjust and inequitable because of Defendant's misrepresentations about the Products, which caused injuries to Plaintiff and members of the classes because they would not have purchased the Products if the true facts had been known.

84.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class members for their unjust enrichment, as ordered by the Court.

## COUNT VI
## Fraud

85.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

86.     Plaintiff brings this claim individually and on behalf of the proposed Class, California Subclass against Defendant.

87.     As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information about the Products by representing that they are "POTENT BRAIN AND BODY ROCKING FUEL," "It s not your stereotypical…energy drink," "Power up with BANG®'s potent brain & body-rocking fuel: Creatine, Caffeine, CoQ10 & BCAAs (Branched Chain Amino Acids)," "Life is an Xtreme Sport and BANG® is the Xtreme Energy source to Live Life Xtreme!," or contain sufficient amounts of "SUPER CREATINE," "healthiest energy drink," "BCAA AMINOS," "ULTRA COQ10" or contain sufficient amounts to cause the other representations to be true. Defendant made that misrepresentation knowing it was false.

88.     Defendant's misrepresentations, upon which Plaintiff and class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and class members to purchase the Products.

89.     Defendant's fraudulent actions harmed Plaintiff and class members, who are entitled to damages and other legal and equitable relief as a result.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demand judgment on behalf of themselves and members of the Class, California Subclass as follows:

A. For an order certifying the nationwide Class and California Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as Class and Subclass representatives; and naming Plaintiff' attorneys as Class Counsel representing the Class and Subclass members;

B. For an order finding in favor of Plaintiff, the nationwide Class and the California Subclass on all counts asserted herein;

C. For an order awarding statutory, compensatory, treble, and punitive damages in amounts to be determined by the Court and/or jury;

D. For injunctive relief enjoining the illegal acts detailed herein;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For an order awarding Plaintiff her reasonable attorneys' fees and expenses and costs of suit.

**JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated: September 19, 2018         **NATHAN & ASSOCIATES, APC**

                                  By: ___/s/ Reuben D. Nathan___
                                      Reuben D. Nathan

                                  Reuben D. Nathan
                                  (State Bar No. 208436)
                                  600 W. Broadway, Suite 700
                                  San Diego, California 92101
                                  Telephone: (619)272-7014
                                  Facsimile:  (619)330-1819
                                  E-Mail: rnathan@nathanlawpractice.com

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

17