1 | M.D. SCULLY (SBN: 135853)
mscully@grsm.com
2 | TIMOTHY K. BRANSON (SBN: 187242)
tbranson@grsm.com
3 | HOLLY L.K. HEFFNER (SBN 245384)
hheffner@grsm.com
4 | MICHAEL D. KANACH (SBN 271215)
mkanach@grsm.com
5 | GORDON REES SCULLY MANSUKHANI LLP
101 W. Broadway, Suite 2000
6 | San Diego, CA  92101
Phone:  (619) 230-7441
7 | Fax:  (619) 696-7124

8 | MARC J. KESTEN (SBN: 152741)
Legal@VPXsports.com
9 | VITAL PHARMACEUTICALS, INC.
1600 North Park Drive
10 | Weston, FL 33326
Phone:  (954) 641-0570
11 | Fax:  (954) 389-6254

12 | Attorneys for defendant
VITAL PHARMACEUTICALS, INC., d/b/a VPX SPORTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE BANG ENERGY DRINK MARKETING LITIGATION | Case No. 4:18-cv-05758-JST-RMI<br>*(Consolidated with 4:18-cv-06300)*<br><br>**DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF 82)**<br><br>Complaint filed:  September 19, 2018<br>Consolidated Class Action Complaint filed: October 31, 2019 |
|---|---|

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant VITAL PHARMACEUTICALS, INC., d/b/a VPX SPORTS ("VPX"), hereby moves for Relief from Nondispositive Pretrial Order of Magistrate Judge pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Civil L.R. 72-2, and objects to the Honorable Robert M. Illman United Stated Magistrate Judge's order dated November 8, 2019 (ECF No. 82), and will and hereby does move for an order denying Plaintiffs' motion to compel production of documents responsive to request No. 30 because it requires production of VPX's complete and un-redacted confidential trade secret formula for the BANG® energy drink product:

1. Defendant is ordered within 21 days of entry of this order to provide Plaintiffs with documents concerning the formulations of the Bang energy drinks in response to Plaintiffs' Request for Production No. 30.

This Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge is based upon this Notice of Motion and Motion and objections, VPX's Memorandum of Points and Authorities attached hereto, the Declaration by Michael D. Kanach and exhibits thereto, the record before the Court, including the Parties' letter brief (ECF No. 77), the parties' informal oral argument (ECF Nos. 80-81), and the Magistrate Judge's Order (ECF No. 82), other filings by the Parties in this consolidated case, and upon such oral argument and written submissions that may be presented at, before, or in connection with the hearing on this motion. VPX informed Plaintiffs of its intent to file these objections and motion for reconsideration during the informal oral argument. (ECF No. 80.)

Dated: November 22, 2019       GORDON REES SCULLY MANSUKHANI, LLP

By:   *s/ Michael D. Kanach*
      M.D. Scully
      Timothy K. Branson
      Holly L.K. Heffner
      Michael D. Kanach
      Marc J. Kesten
      Attorneys for Defendant
      VITAL PHARMACEUTICALS, INC.,
      d/b/a VPX Sports

## MEMORANDUM OF POINTS AND AUTHORITIES

VPX respectfully objects and moves for Relief from Nondispositive Pretrial Order of Magistrate Judge pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Civil L.R. 72-2 and objects to the Honorable Robert M. Illman United States Magistrate Judge's order dated November 8, 2019, compelling VPX to produce its closely-held proprietary trade secret formula for its BANG® energy drinks (ECF No. 82) (the "Order").

## I. INTRODUCTION

VPX's formula is a valuable trade secret and VPX has gone to great lengths to protect that information. The two-tiered Protective Order in this case is not sufficient to protect VPX's interests with respect to this extremely sensitive information which maintains value by not being known to VPX's competitors, particularly Monster Energy Company ("Monster"), a plaintiff in a companion case in the Central District of California. In that case, *Monster Energy Company v. Vital Pharmaceuticals, Inc., et al.* (Central District of California, Case No. 18-cv-1882 JGB (SHKx)), ("*Monster*"), the Magistrate Judge recently ordered VPX to produce its formula. In response, to protect the confidentiality of its trade secret formula, VPX filed objections and a motion for reconsideration. If the Article III Judge denies VPX's request and compels production in *Monster*, VPX intends to appeal.

Here, VPX objects to and moves for reconsideration of Magistrate Judge Illman's Order on the basis that (1) the Order does not fully consider the harm to VPX and the risks associated with compelled disclosure of its highly sensitive information (including the potential that it is given to Monster, an aggressive competitor, at open hearings, trial, through industry experts, or otherwise), and (2) the Order does not properly evaluate whether VPX's trade secret formula is "necessary" to the Parties' respective claims and defenses.

In an effort to resolve this dispute, VPX agreed to disclose and did disclose that the quantity of creatyl-l-leucine ("CLL") is less than 40 mg in 16 oz. cans of BANG® energy drinks that have the registered trademark SUPER CREATINE® on the label. VPX also disclosed that the BANG® products contain 300 mg of caffeine (as is publicly advertised on the can). With that information, Plaintiffs have no basis to argue that the entire, un-redacted formula is necessary in

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

1  this lawsuit.  Thus, VPX asks the Court to deny Plaintiffs' motion to compel the remainder of the
2  BANG® formula.

## II. FACTS

The Order does not set forth the relevant excerpts of the discovery request at issue.  ECF No. 82.  However, it is not disputed: Plaintiffs seek the entire formula.  There is likewise no dispute that the formula is VPX's valuable trade secret.  (*See* Declaration of Michael D. Kanach ("Kanach Decl."), Exhibits A and B (declarations of Marc Kesten and Dr. Liangxi Li filed in the companion *Monster* case).)  Mr. Kesten and Dr. Li's declarations establish the proprietary and secret nature of VPX's formula and the steps VPX takes to maintain its secrecy, as recognized by the Magistrate in *Monster*.  (*See Monster*, ECF No. 136 (Magistrate's Order finding: "… Defendants have met their burden to show that [the BANG® formulae] are trade secrets or similar confidential information.").)  As discussed in more detail *infra*, VPX is rightfully concerned that Monster and other competitors might obtain VPX's formula, suppliers, and/or quantities of ingredients.

There is reason to suspect coordination between Monster and class counsel in these consolidated cases.  (*See e.g.*, Kanach Decl., Exhibit C (*Monster*, ECF No. 31, Order granting motion to disqualify Monster's original counsel for ethical concerns, and finding at p. 5: "there is a 'is a reasonable probability that confidences were disclosed which could be used against the client in later, adverse representation…'"), and Exhibit D (*Monster*, ECF No. 15, motion to disqualify and excerpts of Exhibits filed in support thereof).)  Monster's disqualified counsel—who previously defended VPX in a nearly identical lawsuit—specifically signaled to the plaintiffs' bar to file copycat class action cases, stating to the press: "I would not be surprised if the (U.S. Food and Drug Administration) took action or if there are consumer class action lawsuits for false advertising." (*Monster*, ECF No. 15-5.)  In a matter of weeks, the *Imran* Complaint was filed.  (*See* ECF No. 1).  Four additional class actions filings quickly followed.

## III. ARGUMENT

### A. Legal Standard.

Under Federal Rule of Civil Procedure 72(a), when a non-dispositive pretrial matter is

-2-

referred to a magistrate judge, a party may serve and file objections to the magistrate judge's order within fourteen days of being served with the order. Fed. R. Civ. P. 72(a). The objecting party must set forth specifically the portions of the Magistrate Judge's findings, recommendation or report to which an objection is made, the action requested and the reasons supporting the motion. Civil L.R. 72-2. The district judge must then "consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P 72(a). The "contrary to law" standard governs a district judge's review of a magistrate judge's determinations that are purely legal in nature. *Brooks v. Motsenbocker Advanced Developments, Inc.*, 2008 U.S. Dist. LEXIS 58608, 2008 WL 3049983, at *1 (S.D. Cal. Aug. 1, 2008). The "clearly erroneous" standard governs a district court's review of a magistrate judge's factual determinations. *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747-748 (9th Cir. 1990).

### B.  PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF VPX'S PROPRIETARY BANG® FORMULA SHOULD BE DENIED.

The Order compelling production of the entire BANG® formula underestimated the potential harm to VPX in forcing disclosure of its proprietary formula. There are no procedures in place to protect this valuable trade secret information from being disclosed at trial or during hearings, or being disclosed to industry experts who likely have relationships with VPX's competitors. Most importantly, the information is not necessary to Plaintiffs' claims, and disclosure is harmful to VPX. VPX has disclosed the quantity of CLL and caffeine in BANG®.

VPX respectfully requests that the Honorable District Court Judge make the following three findings of fact: ***First***, consistent with the Magistrate Judge's Order in the *Monster* case, that VPX's formula is a proprietary trade secret. (*Monster* ECF No. 136, p. 7 ("Defendants have met their burden to show that the information sought in Plaintiff's Special Interrogatory No. 1 are trade secrets or similar confidential information."); *see also*, *Monster* ECF Nos. 132-1 and 132-2 (Declarations of Mr. Kesten and Dr. Li).)

***Second***, that VPX would be harmed by the disclosure of its trade secret formula to a competitor, particularly Monster, and by public disclosure of this information to undisclosed experts, at open hearings, and at trial.

-3-

***Third***, that disclosure of VPX's secret formula is not necessary and Plaintiffs have not met their burden of showing otherwise. Because VPX disclosed that there is less than 40 mg of CLL and there is 300 mg of caffeine in a can of BANG®, the formula is not necessary. The Order is silent with respect to the relevance or need for the full formula. There is no need.

**C.      VPX's BANG® Formula is Proprietary, Trade Secret Information.**

Plaintiffs do not dispute that VPX's proprietary formula for BANG® is a valuable trade secret, nor that it is important to VPX to keep such information secret. (*See* Kanach Decl. Exhibits A and B (Mr. Kesten Decl., ¶ 8; Dr. Li Decl., ¶ 26).)

**D.      Since VPX Has Disclosed the Quantity of CLL and Caffeine in BANG®, the Remainder of the Formula, Supplier Information, and/or the Quantities of Other Ingredients Are Not Necessary.**

VPX's trade secret formula is not necessary, even if VPX had *not* disclosed the quantity of CLL. *See e.g., Coca-Cola Bottling Co. of Shreveport, Inc. v. Coca-Cola Co.*, 107 F.R.D. 288, 293 (D. Del. 1985) ("To compel production of trade secret information, "[t]he level of necessity that must be shown is that the information must be necessary for the movant to prepare its case for trial, which includes proving its theories and rebutting its opponent's theories."). However, VPX agreed to disclose in this litigation information that was not previously disclosed, specifically that the quantity of CLL is less than 40 mg. VPX maintains that there is 300 mg of caffeine in the product. Moreover, both facts are readily verified by product testing. Plaintiffs have not and cannot show that the remainder of VPX's BANG® formula is necessary in light of these disclosures.

**E.      VPX is Rightfully Concerned with the Harm of Disclosure and Competitors' Interest in Exploiting the Formula for Competitive Purposes.**

VPX has well-founded concerns that Monster will go to great lengths to obtain and improperly use VPX's formula. Monster recently launched a shameless knockoff of BANG®, i.e., "REIGN", that copies nearly every aspect of BANG® except for one ingredient: CLL.[1] Because CLL is patented and could not be replicated by Monster, Monster hired VPX's former

---

[1] Monster's trade dress infringement is the subject of a separate lawsuit pending in the Southern District of Florida, *Vital Pharmaceuticals, Inc. v. Monster Beverage Corporation, et al.*, Case No. 0:19-cv-60809-UU. *See* Exhibit A to Mr. Kesten's Declaration.

-4-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

1  defense lawyer (who was later disqualified) to file the *Monster* case to discredit, in the minds of

2  consumers, CLL, the only distinguishing feature between BANG® and REIGN; and such counsel

3  also issued a press release clearly signaling to class action lawyers to file copycat lawsuits.

4  Kanach Decl. Exhibit D (Monster ECF No. 15-5).  At the same time, Monster orchestrated a

5  furtive disinformation campaign via a shame website called

6  "THETRUTHABOUTBANG.COM" ("TAB") to denigrate BANG® and its CEO.[2]  Monster then

7  secretly hired "influencers" through a third party to spread the TAB falsities via social media.

8  VPX reasonably suspects that class counsel are coordinating their defense with the prosecution

9  of the *Monster* case.

10  Monster has shown that it will go to any length to destroy BANG® and recover market

11  share from VPX.  Disclosure of the complete BANG® formula serves only to further Monster's

12  goal:  copy, then destroy.  No protective order is sufficient under these circumstances to protect

13  this information.  *Lakeview Pharmacy of Racine, Inc. v. Catamaran Corp.*, 2017 U.S. Dist.

14  LEXIS 163624 (M.D. Pa. Sep. 28, 2017) ("[I]t would be divorced from reality to believe that

15  either party here would serve as the champion of its competitor . . . to maintain the

16  confidentiality designation or to limit public disclosure . . . during trial." (*quoting Micro Motion,*

17  *Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1325 (Fed. Cir. 1990)).

18  This Court should deny access to VPX's proprietary formula because the risk is great that

19  it could get into the hands of competitors, as "courts have routinely recognized that 'disclosure to

20  a competitor is more harmful that to a noncompetitor.'" *American Standard, Inc. v. Pfizer, Inc.*,

21  828 F.2d 734, 741 (Fed. Cir. 1987) (*citing Coca-Cola Bottling Co. v. Coca-Cola Co.*, 107 F.R.D.

22  288, 293 (D. Del. 1985).

### IV.  CONCLUSION

24  VPX respectfully requests an order denying Plaintiffs' motion to compel VPX's secret

25  formula.

---

[2] Monster's false advertising and unfair competition are the subject of a separate lawsuit, also pending in the Southern District of Florida, *Vital Pharmaceuticals, Inc. v. Monster Beverage Corporation, et al.*, Case No. 0:19-cv-61974-RS. *See* Exhibit B to Mr. Kesten's Declaration.

-5-

DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE           Case No. 18-cv-05758
PRETRIAL ORDER OF MAGISTRATE JUDGE                           Case No. 18-cv-06300

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

| | |
|---|---|
| Dated:  November 22, 2019 | GORDON REES SCULLY MANSUKHANI, LLP |
| | By: /s/ *Michael D. Kanach* |
| | M.D. Scully |
| | Timothy K. Branson |
| | Holly L.K. Heffner |
| | Michael D. Kanach |
| | Marc J. Kesten |
| | Attorneys for Defendant |
| | VITAL PHARMACEUTICALS, INC., |
| | d/b/a VPX Sports |

-6-

DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE     Case No. 18-cv-05758
PRETRIAL ORDER OF MAGISTRATE JUDGE                    Case No. 18-cv-06300

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, 275 Battery Street, Suite 2000, San Francisco, CA 94111, my electronic mail address is mkanach@grsm.com. On November 22, 2019, I served the foregoing document(s) entitled:

**DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** as follows:

☑ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Counsel for Plaintiffs ISMAIL IMRAN and ZACH HESS:**

Reuben D. Nathan
NATHAN & ASSOCIATES, APC
2901 W. Coast Highway, Suite #200
Newport Beach, CA 92663
Phone: (949) 270-2798
Fax: 619-330-1819
Email: rnathan@nathanlawpractice.com

Joel D. Smith
Lawrence T. Fisher
Yeremey O. Krivoshey
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Phone: (925) 407-2700
Fax: 925-407-2700
Email: jsmith@bursor.com
ltfisher@bursor.com
ykrivoshey@bursor.com

**Counsel for Plaintiff/Movant KUUMBA MADISON (Action 18-cv-06300):**

Jonathan Shub
Kevin Laukaitis
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Phone: 215-238-1700
Fax: 215-238-1968
Email: jshub@kohnswift.com
klaukaitis@kohnswift.com

Nick Suciu, III – Pro Hac Vice
BARBAT, MANSOUR & SUCIU PLLC
1644 Bracken Rd.
Bloomfield Hills, MI 48302
Phone: 313-303-3472
Fax: 248-698-8634
Email: nicksuciu@bmslawyers.com

Adam A. Edwards – Pro Hac Vice
Gregory F. Coleman – Pro Hac Vice
Mark E. Silvey – Pro Hac Vice
Justin G. Day – Pro Hac Vice
GREG COLEMAN LAW PC
800 S Gay Street, Suite 1100
Knoxville, TN 37929
Phone: 865-247-0080
Fax: 865-522-0049
Email: adam@gregcolemanlaw.com
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com
justin@gregcolemanlaw.com

Rachel Lynn Soffin
MORGAN AND MORGAN
Complex Litigation Group

201 N. Franklin Street, 7th Floor
Tampa, FL  33602
Phone: 813-223-5505
Fax: 813-222-4787
Email: rachel@gregcolemanlaw.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on November 22, 2019 at San Mateo, California.

*/s/ Michael D. Kanach*

Michael D. Kanach

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

1175873/48667445v.1

-8-

DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE   Case No. 18-cv-05758
PRETRIAL ORDER OF MAGISTRATE JUDGE   Case No. 18-cv-06300