# EXHIBIT B

1  M. D. SCULLY (SBN 135853)
   mscully@grsm.com
2  TIMOTHY K BRANSON (SBN 187242)
   tbranson@grsm.com
3  SEAN P. FLYNN (SBN: 220184)
   sflynn@grsm.com
4  HOLLY L.K. HEFFNER (SBN 245384)
   hheffner@grsm.com
5  MICHAEL D. KANACH (SBN 271215)
   mkanach@grsm.com
6  GORDON REES SCULLY MANSUKHANI LLP
   101 W Broadway, Suite 2000
7  San Diego, CA 92101
   Phone: (619) 230-7441
8  Fax: (619) 696-7124

9  MARC J. KESTEN (SBN: 152741)
   FRANCIS MASSABKI (*pro hac vice*)
10 VITAL PHARMACEUTICALS, INC.
   1600 North Park Drive
11 Weston, FL 33326
   Phone: (954) 641-0570
12 Fax: (954) 389-6254
   Legal@vpxsports.com
13
   Attorneys for Defendants
14 VITAL PHARMACEUTICALS, INC., D/B/A VPX SPORTS;
   and JOHN H. OWOC, A.K.A. JACK OWOC
15

16          UNITED STATES DISTRICT COURT

17          CENTRAL DISTRICT OF CALIFORNIA

18 MONSTER ENERGY COMPANY, a          CASE NO. 5:18-cv-01882-JGB-SHK
   Delaware corporation,
19                                     **DECLARATION OF DR.**
                Plaintiff,             **LIANGXI LI IN SUPPORT OF**
20                                     **DEFENDANT VITAL**
                                       **PHARMACEUTICALS, INC.'S**
21      vs.                            **OPPOSITION TO MONSTER**
                                       **ENERGY COMPANY'S**
22 VITAL PHARMACEUTICALS, INC.,        **DISCOVERY DISPUTE LETTER**
   d/b/a VPX Sports, a Florida corporation; and **MOVING TO COMPEL**
23 JOHN H. OWOC a.k.a. JACK OWOC, an   **PRODUCTION OF TRADE**
   individual,                        **SECRET BANG® FORMULAS**
24
                Defendants.
25                                     Complaint filed: Sept. 04, 2018
                                       FAC filed: April 3, 2019
26

27

28

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA 92101

I, Dr. Liangxi Li, hereby declare:

1.      I am Director of Research and Development ("R&D") and Co-packing for Vital Pharmaceuticals, Inc., d/b/a VPX Sports ("VPX").

2.      I have personal knowledge of the facts in this declaration.

3.      My knowledge is based upon my professional experience, senior position at VPX, and review of records regularly made or collected at or near the time of the events memorialized thereby and maintained in the ordinary course of VPX's business by individuals with knowledge of the information contained therein.  If called and sworn as a witness, I could and would testify competently to the facts stated herein.

4.      I am submitting this declaration in support of VPX's opposition to the attempt of Monster Energy Company's ("Monster") to compel the production of the trade secret formulas for the BANG® energy drink.

5.      Starting around May 2009, I began to perform research and testing on behalf of VPX related to its efforts to make a beverage containing a stable creatine.

6.      To that end, I was involved with and working at the direction of VPX's CEO, Jack Owoc, to assist in developing and inventing the creatine amino acid dipeptide that was eventually patented and introduced into VPX's BANG® energy drink products.

7.      I began full-time employment at VPX in October 2011 as an associate food scientist working on many products, including, as noted, chemistry work to develop the Super Creatine® products that VPX sells under the BANG® brand.

8.      I helped develop the original formula for VPX's BANG® energy drink products.

9.      My day-to-day job function includes the constant research, testing, and development of not only the various BANG® energy drinks, but also VPX's other products.

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA  92101

2

10.     As part of that function, I am one of the few employees at VPX who has access to, among other confidential information, the formulas of VPX's products, the amounts for each ingredient in BANG®, the codes for certain ingredients, and the suppliers of those ingredients (collectively, "Trade Secrets").

11.     I directly supervise all employees of the VPX R&D Department (the "R&D Department"). Currently, there are six of us in the R&D Department—myself and five employees, who, again, I directly supervise.

12.     Hard copies and other tangible Trade Secrets are created, maintained, and stored in the R&D Department, which itself is kept locked at all times.

13.     The physical area of the R&D Department is an enclosed space, has restricted access, and includes desk-station work areas for the employees, filing cabinets (for storage of our notebooks and other Trade Secret documents), and a full-scale working laboratory.

14.     Access to the R&D Department is restricted at all times.

15.     Physical entry to the R&D Department is protected by a key-card based access control system.

16.     This control system is triggered by a VPX-issued employee card, or employee access badge, which allows VPX to track and authorize access to the R&D Department.

17.     To my knowledge, only I, the five other employees in the R&D Department, and a small number of other employees, have access to the R&D Department.

18.     It is a strict policy of the R&D Department that documents related to the Trade Secrets are not needlessly printed.

19.     Similarly, the R&D Department endeavors not to make copies of documents related to the Trade Secrets unless necessary.

20.     We have and routinely use a paper shredder in the R&D Department.

21.     When documents containing Trade Secrets are printed and/or copied,

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA 92101

3

and then are no longer needed, it is a strict policy of the R&D Department that those documents be placed in the shredder.

22. Documents containing Trade Secrets that are placed in the shredder are typically shredded and discarded on a daily basis during regular business days.

23. It is also a strict policy of the R&D Department that all hard copy documents containing Trade Secrets are kept within the R&D Department.

24. If Trade Secrets documents are to be removed from or checked out of the R&D Department, someone from the R&D Department, typically myself, must approve the check-out and sign for it.

25. Visitor-access to the R&D Department is restricted and is otherwise permitted on an extremely limited basis, again, only when first approved and only if supervised by someone from the R&D Department.

26. VPX's formula for BANG®, the amounts of ingredients, the codes for certain ingredients, and the identity of suppliers of ingredients is information that any of VPX's competitors, such as Monster and its affiliate companies, would benefit from knowing and would be enormously detrimental to VPX's business if Monster knew, disclosed, and/or copied this information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of September 2019, in Weston, Florida.

_____
Dr. Liangxi Li

Gordon Rees Scully Mansukhani, LLP
101 W Broadway, Suite 2000
San Diego, CA 92101

1175874/47391436v.1

4

**DR. LI DECLARATION I/S/O DEFENDANTS' OPPOSITION TO MONSTER'S DISCOVERY LETTER RE BANG TRADE SECRET FORMULAS   Case No. 18-cv-01882**