**EXHIBIT C**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-1882 JGB (SHKx)** | Date | November 30, 2018 |
| Title | *Monster Energy Company v. Vital Pharmaceuticals, Inc., et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order GRANTING Defendants' motion to disqualify Marc P. Miles and Shook, Hardy & Bacon L.L.P. and DENYING Defendants' motion for monetary sanctions (Dkt. No. 15)

Before the Court is Defendants Vital Pharmaceuticals, Inc. ("VPX") and John H. Owoc's motion to disqualify Plaintiff Monster Energy Company's counsel of record, Marc P. Miles, and the law firm Shook, Hardy & Bacon L.L.P. ("SHB"). ("Motion," Dkt. No. 15.) The Court took this matter under submission on November 21, 2018 and now determines the matter to be appropriate for resolution without further hearing. See Fed. R. Civ. P. 78; L.R. 7-15. Upon considering briefing and evidence submitted in support of, and in opposition to, this Motion, the Court GRANTS Defendants' Motion in part.

## I.   BACKGROUND

On September 4, 2018, Plaintiff filed a complaint alleging (1) violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.; (3) violation of the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, et seq.; and (4) trade libel. ("Complaint," Dkt. No. 1.) On October 29, 2018, Defendants filed this Motion. (Dkt. No. 15.) Plaintiff filed its opposition on November 5, 2018. ("Opposition," Dkt. No. 16.) Defendants replied on November 12, 2018. ("Reply," Dkt. No. 23.)

## II.  LEGAL STANDARD

**A. Disqualification Generally**

Federal courts apply state law to decide motions to disqualify. <u>Openwave Systems, Inc. v. Myriad France S.A.S.</u>, No. C 10-02805 WHA, 2011 WL 1225978, at *1 (N.D. Cal. Mar. 31, 2011) (citing <u>In re Cnty. of Los Angeles</u>, 223 F.3d 990, 995 (9th Cir. 2000)). Pursuant to Rule 83-3.1.2 of the Local Rules of the Central District of California, attorneys practicing in this district must "comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto." L.R. 83-3.1.2.

"A motion for disqualification of counsel is a drastic measure which courts should hesitate to impose except when of absolute necessity. They are often tactically motivated; they tend to derail the efficient progress of litigation." <u>In re Marvel</u>, 251 B.R. 869, 871 (N.D. Cal. 2000). Accordingly, a motion for disqualification "should be subjected to particularly strict judicial scrutiny." <u>Optyl Eyewar Fashion Int'l Corp. v. Style Cos.</u>, 760 F.2d 1045, 1050 (9th Cir. 1985). That said, a district court has discretion as to whether to disqualify counsel. <u>Trone v. Smith</u>, 621 F.2d 994, 999 (9th Cir. 1980). "The court must weigh the combined effects of a party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that the fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest." <u>William H. Raley Co. v. Sup. Ct.</u>, 149 Cal. App. 3d 1042, 1048 (1983). "The paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar." <u>People v. SpeeDee Oil Change Systems, Inc.</u>, 20 Cal. 4th 1135, 1145 (1999).

**B. Successive Representation**

A court may disqualify an attorney based on the existence of a conflict of interest. <u>SpeeDee Oil</u>, 20 Cal. 4th at 1139. California Rule of Professional Conduct 1.9(a) provides: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed written consent." Cal. Rule of Prof'l Conduct 1.9(a) (effective November 1, 2018). <u>See</u> <u>Order Re: Request for Approval of Proposed Amendments to the Rules of Professional Conduct of the State Bar of California</u>, No. S240991 (California Supreme Court, May 10, 2018).[1]

---

[1] This rule, effective November 1, 2018, is at first glance more protective of clients than Rule 3-310, which it replaced, as it eliminates the requirement that the lawyer "has obtained confidential information material to the employment" in the course of representing the former client in a substantially related case in order for a conflict to arise. <u>Compare</u> Cal. Rule of Prof'l (continued . . . )

In successive representation cases, "disqualification of counsel is warranted under two situations: (1) the attorney in fact has adverse confidential information or (2) the attorney's acquisition of confidential information is presumed because the prior and present cases are substantially related." Beltran v. Avon Products, Inc., 867 F. Supp. 2d 1068, 1077 (C.D. Cal. 2012). Under the first situation, the former client "may seek to disqualify a former attorney from representing an adverse party by showing the former attorney actually possesses confidential information adverse to the former client." H.F. Ahmanson & Co. v. Salomon Bros., Inc., 229 Cal. App. 3d 1445, 1452 (1991). "[T]he information acquired during the first representation [must] be 'material' to the second; that is, it must be found to be directly at issue in, or have some critical importance to, the second representation." Farris v. Fireman's Fund Ins. Co., 119 Cal. App. 4th 671, 680 (2004).

In the second scenario, "the court should examine the time spent by the attorney on the earlier cases, the type of work performed, and the attorney's possible exposure to formulation of policy or strategy" to determine whether a substantial relationship is established. H.F. Ahmanson & Co., 229 Cal. App. 3d at 1455 (internal citation and quotation marks omitted). When a party establishes a substantial relationship, a court presumes access to confidential information and must disqualify the attorney. Beltran, 867 F. Supp. 2d at 1078 (citation omitted); see also W. Sugar Coop. v. Archer-Daniels-Midland Co., 98 F. Supp. 3d 1074, 1081 (C.D. Cal. 2015) (When a substantial relationship is established, "the attorney is automatically disqualified from representing the second client"). Further, disqualification extends to the entire firm. Beltran, 867 F. Supp. 2d at 1078.

### III. DISCUSSION

**A. Substantially Related Representation**

The Court finds that Marc P. Miles, an attorney at SHB, previously represented Defendants in a substantially related lawsuit. In determining whether a substantial relationship exists, a court considers three factors: "(1) similarities between the two factual situations, (2) the legal questions posed, and (3) the nature and extent of the attorney's involvement in the cases."

---

…Conduct 1.9(a), with Cal. Rule of Prof'l Conduct 3-310 (effective until November 1, 2018). However, the commentary provided by the Commission for the Revision of the Rules of Professional Conduct effectively reincorporates this requirement, as it clarifies that matters are "the same or substantially related" if (i) the matters involve "the same transaction or legal dispute" or (ii) "if the lawyer normally would have obtained information in the prior representation that is protected by Business and Professions Code section 6068, subdivision (e) and rule 1.6, and the lawyer would be expected to use or disclose that information in the subsequent representation because it is material to the subsequent representation." Cal. Rule of Prof'l Conduct 1.9(a), cmt. 3. In light of this, and lacking further guidance from the California courts due to the recentness of the rule change, the Court sees no material difference in the new rule as applied to this dispute and applies established precedent on the duties of lawyers to former clients.

Beltran, 867 F. Supp. 2d at 1078 (citing H.F. Ahmanson & Co., 229 Cal. App. 3d at 1455 (citation and quotation marks omitted); Adams v. Aerojet-General Corp., 86 Cal. App. 4th 1324, 1332 (2001)). "Successive representations will be 'substantially related' when the evidence before the trial court supports a rational conclusion that information material to the evaluation, prosecution, settlement or accomplishment of the former representation given its factual and legal issues is also material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues." Jessen v. Hartford Cas. Ins. Co., 111 Cal. App. 4th 698, 713 (2003). The Ninth Circuit in Trone v. Smith reiterated the underlying concern animating this rule: "the possibility, or appearance of the possibility, that the attorney may have received confidential information during the prior representation that would be relevant to the subsequent matter in which disqualification is sought." 621 F.2d at 999.

1. **Similarity between cases**

In determining whether there is a substantial relationship between the lawsuits, the Court looks first to the allegations in the complaint and the nature of the evidence that would be helpful in establishing those allegations. Trone, 621 F.2d at 1000. Here, Miles previously represented Defendants in a lawsuit between the same litigants which involved highly similar factual and legal claims. In 2008, Hansen Beverage Company, which subsequently changed its name to Monster Energy Company, filed a lawsuit against VPX alleging false advertising under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. and California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, et seq.; as well as violations of the Lanham Act, 15 U.S.C. § 1125(a) and trade libel. Hansen Beverage Company v. Vital Pharmaceutical, Inc., Case No. 08-cv-1545 (S.D. Cal. August 21, 2008) ("2008 Lawsuit"). The 2008 Lawsuit and the present lawsuit thus involve the same parties, the same subject matter, and the same legal claims. In both lawsuits, Hansen/Monster's claims were and are largely grounded in allegations that VPX made untruthful statements about its own energy drinks in order to boost its market position relative to that of Hansen/Monster. (Compare "2008 Complaint," Dkt. No. 15-4, with Complaint, Dkt. No. 1.)

Plaintiff argues that lawsuits are not substantially related in part because the complaints in these cases involved different claims about different products: while the product claims attacked in the 2008 Lawsuit related to the energy beverages REDLINE Power Rush!, Redline Xtreme Drink, and Redline Princess Drink, the present case focuses on claims related to BANG energy drinks, which did not yet exist at the time that Miles represented VPX. (Opp. at 3.) Plaintiff also argues that, while the 2008 lawsuit challenged claims related to improvement in reaction time, increased energy, appetite suppression, and mood enhancement, the present lawsuit focuses on Defendants' claims that BANG can reverse various forms of cognitive impairment. While it appears to be undisputed that the product BANG did not yet exist during the period that Miles represented VPX, Plaintiff paints with too fine a brush in distinguishing the basis of the legal claims in these lawsuits. Upon review of the 2008 Complaint and the Complaint in this litigation, it is clear that both arise from a litany of allegedly hyperbolic claims made by VPX about its products, including energy boosts, increased focus, the absence of "crash" side effects, and the absence of sugar or carbs. (Compare 2008 Complaint at ¶¶ 19, 21, 24, 28, with Compl. ¶¶ 29, 33,

34, 38, 40.) A substantial relationship between two cases does not require "an exact match between the facts and issues involved in the two representations." W. Sugar Coop., 98 F. Supp. 3d 1074, 1087 (C.D. Cal. 2015). The Court finds that these two cases are sufficiently similar to warrant inquiry into the degree of Mile's involvement in the 2008 Litigation.

But even if the Court did agree that Plaintiff's allegations in this case regarding the BANG product were substantially different from allegations regarding the REDLINE products in the 2008 litigation, Plaintiff's Complaint in this action also raises allegations about the general conduct of VPX and Owoc. These allegations include claims about the deceptive purposes of the design of VPX's logo, (Compl. ¶ 4), Owoc's motivations for founding VPX, (id. ¶ 5), the professional qualifications of Owoc, (id. ¶ 6), prior investigations and actions taken against Defendants by the National Advertising Division of the United States Food and Drug Administration, (id. ¶ 9), allegedly deceptive prior advertising campaigns undertaken by VPX, (id. ¶ 11), and the personal involvement of Owoc in VPX's advertising and marketing campaigns, (id. ¶ 37). This shared factual nexus further supports a finding that the two lawsuits are substantially similar and that information obtained in the course of representing VPX in the 2008 Case could be relevant to the present lawsuit.

### 2. Miles's involvement in the 2008 Case

Having found substantial similarity between the legal and factual disputes in these two cases, the Court also finds that Miles's involvement in the 2008 Case was sufficient to disqualify him from representing Monster in this litigation. On September 4, 2008 VPX's General Counsel Erica W. Stump contacted Miles, then a partner at Callahan & Blaine, for the purpose of representing VPX in that case and then entered into an attorney-client relationship with him. (Declaration of John H. Owoc, Dkt. No. 15-5 ¶ 9; Declaration of Erica W. Stump, Dkt. No. 15-6 ¶ 10.) Miles continued to represent VPX in that litigation for approximately two weeks until, on September 24, 2018, VPX informed him that it was replacing him. (Owoc Decl. ¶ 15; Stump Decl.¶ 22.) During that time, Miles performed approximately 13.35 hours working on the case. (Declaration of Marc P. Miles, Dkt. No. 16-1 ¶¶ 4, 7-9; Declaration of Brian J. McCormack, Dkt. No. 16-3 ¶¶ 11 & Exh. 1). He filed a joint motion for extension of time to file an Answer and an ex parte motion to continue a hearing on a motion for preliminary injunction, in support of which he filed his own declaration and the declaration of John H. Owoc. (2008 Case, Dkt. Nos. 10, 14, 15.) He also exchanged emails and spoke on the phone three times with Erica Stump, then General Counsel for VPX. (Miles Decl. ¶ 15.) VPX paid a total $14,003.14 to Callahan & Blaine for the firm's services. (Owoc Decl. ¶¶ 12-14.)

Based on this degree of involvement, the Court finds that there is a "is a reasonable probability that confidences were disclosed which could be used against the client in later, adverse representation…" ITC Textile Ltd. v. J.C. Penney Co. Inc., Case No. 12-cv-2975, 2013 WL 12130554, at *1 (C.D. Cal. Dec. 6, 2013). The parties have submitted declarations which are directly at odds with each other: Stump's declaration states that she and Miles had "numerous" privileged telephone calls during which they discussed information regarding Owoc's litigation and settlement strategies, the degree of Owoc's involvement in litigation matters, and confidential policies, practices, and procedures for VPXs energy drink products, including

advertising and marketing, testing and clinical research, the substantiation of claims made for the products which were in effect in 2008 and remain in effect now, and the corporate structure of VPX. (Stump Decl. ¶¶ 19-21.) Miles's declaration, on the other hand, states that he never received confidential information regarding company policies, practices, or procedures, nor any information related to advertising, marketing, testing, and clinical research. (Miles Decl. ¶ 16.)

The Court need not resolve this factual dispute because the applicable test "does not require the former client to show that actual confidences were disclosed." Trone, 621 F.2d at 999. Rather, the Court is restricted to reviewing the scope of representation, such that it is the "possibility of the breach of confidence, not the fact of the breach, that triggers disqualification." Id.; see also Largo Concrete, Inc. v. Liberty Mut. Fire Ins. Co., Case No. 07-cv-4651, 2008 WL 53128, at *4 (N.D. Cal. Jan. 2, 2008) (in analyzing whether there was a substantial relation, "a court does not inquire into the factual particularities of the information conveyed.") Here, it is sufficient that Defendants claim that they shared with Miles confidential information in a substantially similar lawsuit against the same plaintiff whom Miles represented. The sharing of such information would not be unusual given the scope of Miles representation, the fact that VPX retained him to defend them in the litigation, and the fact that he was retained for two weeks during which time VPX faced a motion for preliminary injunction. Not only would it be reasonable for an attorney operating within the scope of Miles's representation to obtain information about the policies, practices, and procedures of their client, it would also be within the scope of their representation to obtain more specific information about the company's marketing and development practices, such as that raised in the Sands declaration. Such information would be directly prejudicial to VPX's interests in the present lawsuit. Miles involvement was therefore sufficient to disqualify him from representing Monster in this matter.

Accordingly, the Court finds that the 2008 Case and the 2018 Case are substantially related. The Court GRANTS Defendants' Motion to disqualify Marc P. Miles from this case. Because it has found a substantial relationship between these cases, the Court need not reach the question of whether Miles actually possesses confidential information related to the present litigation.

**B. Imputed Disqualification of Shook, Hardy & Bacon, L.L.P.**

Defendants also seek the disqualification of the firm Shook, Hardy & Bacon, L.L.P. The Court finds that this is warranted, as disqualification extends to the entire firm and Plaintiff's counsel has made no representations that Miles was walled off from SHB in this matter. See Beltran, 867 F. Supp. 2d at 1078; Western Sugar, 98 F. Supp. 3d at 1089-90. The Court GRANTS Defendants' Motion to disqualify Shook, Hardy, & Bacon, L.L.P.

**C. Assessment of Attorneys' Fees and Costs**

Defendants request that the Court issue monetary sanctions sufficient to reimburse them for the attorneys' fees incurred in litigating this motion for disqualification. Defendants cite two sources of authority in arguing for sanctions: the Local Rules of this district and 28 U.S.C. § 1927. However, both the Local Rules and 28 U.S.C. § 1927 require a finding of recklessness or

bad faith in order for sanctions to be imposed.  See <u>United States v. Blodgett</u>, 709 F.2d 608, 610 (9th Cir. 1983) ("The imposition of sanctions under section 1927 requires a finding that counsel acted recklessly or in bad faith.")(internal quotations omitted); L.R. 83-7(b) (imposition of costs and attorney's fees warranted "if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order").  While the Court has found that these cases are substantially similar as to require the disqualification of Plaintiff's counsel, Defendants have not demonstrated that either Miles or SHB undertook this representation in bad faith.  While the Court does not decide the factual question of what information VPX shared with Miles during the course of his representation in the 2008 Case, the Court is mindful that Miles's representation of VPX lasted only two weeks and terminated approximately ten years ago and that as such he may have reasonably believed that he could undertake this representation without being disqualified.  Accordingly, Defendants Motion for monetary sanctions is DENIED.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to disqualify Marc P. Miles and the law firm Shook, Hardy & Bacon L.L.P. from this case.  The Court DENIES Defendants' motion for monetary sanctions.

**IT IS SO ORDERED.**