M.D. SCULLY (SBN: 135853)
mscully@grsm.com
TIMOTHY K. BRANSON (SBN: 187242)
tbranson@grsm.com
HOLLY L.K. HEFFNER (SBN 245384)
hheffner@grsm.com
MICHAEL D. KANACH (SBN 271215)
mkanach@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Phone: (619) 230-7441
Fax: (619) 696-7124

MARC J. KESTEN (SBN: 152741)
Legal@VPXsports.com
VITAL PHARMACEUTICALS, INC.
1600 North Park Drive
Weston, FL 33326
Phone: (954) 641-0570
Fax: (954) 389-6254

Attorneys for defendant
VITAL PHARMACEUTICALS, INC., d/b/a VPX SPORTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE BANG ENERGY DRINK MARKETING LITIGATION | Case No. 4:18-cv-05758-JST-RMI<br>*(Consolidated with 4:18-cv-06300)*<br><br>**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND DISMISS CONSOLIDATED COMPLAINT**<br><br>Date: February 5, 2020<br>Time: 2:00 p.m.<br>Dept: 9<br>Judge: Hon. Jon S. Tigar<br><br>Complaint filed: September 19, 2018<br>Consolidated Class Action Complaint filed: October 31, 2019 |
|---|---|

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 1

A. The Complaint Is Riddled With Unauthorized Amendments That The Court Should Strike ..... 1

B. The Complaint Requires Dismissal Because It Fails To Plead The Ingredient Theory Underlying Each Cause Of Action. ..... 2

C. The Complaint Requires Dismissal Because It Does Not Plead The Energy Drinks' Inefficacy And Cannot Plead That Plausibly ..... 4

D. All Claims Require Dismissal To The Extent They Invoke Puffery. ..... 6

E. The Opposition Repudiates The Complaint's Substantiation Theory. ..... 6

F. The Court Lacks Jurisdiction Over Hess's New York Claims. ..... 6

G. The New York Express Warranty Claim Fails For Additional Reasons. ..... 8

H. The California Unjust Enrichment Claim Cannot Proceed. ..... 9

I. The New York Unjust Enrichment Claim Also Fails. ..... 10

J. Plaintiffs Plead No Basis For Punitive Damages. ..... 11

K. Plaintiffs Cannot Allege Prospective Standing To Seek An Injunction. ..... 11

L. There Are No Grounds For Further Pleading Amendments. ..... 12

III. CONCLUSION ..... 12

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470 (9th Cir. 1988) ........ 7

*Algarin v. Maybelline, LLC*, 300 F.R.D. 444 (S.D. Cal. 2014) ........ 5

*Amchem Prods. v. Windsor*, 521 U.S. 591 (1997) ........ 9

*Arabian v. Organic Candy Factory*, No. 2:17-cv-05410-ODW-PLA, 2018 U.S. Dist. LEXIS 45833 (C.D. Cal. Mar. 19, 2018) ........ 3

*Barr Labs., Inc. v. Quantum Pharms., Inc.*, 827 F. Supp. 111 (E.D.N.Y. 1993) ........ 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 3

*Bitton v. Gencor Nutrientes, Inc.*, 654 Fed. App'x 358 (9th Cir. 2016) ........ 5

*Cal. Medical Assn. v. Aetna U. S. Healthcare of Cal. Inc.*, 94 Cal. App. 4th 151 (2001) ........ 9

*Chavez v. Nestle USA, Inc.*, 511 Fed. App'x 606 (9th Cir. 2013) ........ 3, 4

*City of Los Angeles v. Sprint Sols., Inc.*, No. 2:17-cv-811-TLN-AC, 2019 U.S. Dist. LEXIS 187601 (E.D. Cal. Oct. 28, 2019) ........ 9, 10

*Dandy Veal, LLC v. Lehman*, No. 16-C-1565, 2017 U.S. Dist. LEXIS 78040 (E.D. Wis. May 23, 2017) ........ 3

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) ........ 11

*DiBartolo v. Abbott Labs.*, 914 F. Supp. 2d 601 (S.D.N.Y. 2012) ........ 8

*Docken v. PetMatrix, Ltd.*, No. SACV 16-994 AG (KESx), 2017 U.S. Dist. LEXIS 24781 (C.D. Cal. Feb. 14, 2017) ........ 4

*Ebin v. Kangadis Food, Inc.*, No. 13 Civ. 2311 (JSR), 2013 U.S. Dist. LEXIS 174174 (S.D.N.Y. Dec. 9, 2013) ........ 8

*Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123 (N.D. Cal. 2013) ........ 6

*Fabian v. Lemahieu*,
No. 19-cv-54-YGR, 2019 U.S. Dist. LEXIS 172906 (N.D. Cal. Oct. 4, 2019) ....................... 10

*Hodges v. Vitamin Shoppe, Inc.*,
No. 13-3381 (SRC), 2014 U.S. Dist. LEXIS 5109 (D.N.J. Jan. 15, 2014)................................ 4

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
No. 12-MD-2413 (RRM) (RLM), 2013 U.S. Dist. LEXIS 123824 .......................................... 9

*InfoSpan, Inc. v. Emirates NBD Bank PJSC*,
903 F.3d 896 (9th Cir. 2018) ..................................................................................................... 7

*Koenig v. Boulder Brands, Inc.*,
995 F. Supp. 2d 274 (S.D.N.Y. 2014) ....................................................................................... 8

*Mann v. Castiel*,
681 F.3d 368 (D.C. Cir. 2012)................................................................................................... 7

*Oestreicher v. Alienware Corp.*,
544 F. Supp. 2d 964 (N.D. Cal. 2008) ....................................................................................... 6

*Opperwall v. State Farm Fire & Cas. Co.*,
No. 17-cv-7083-YGR, 2018 U.S. Dist. LEXIS 39328 (N.D. Cal. Mar. 9, 2018)..................... 11

*Overton v. Uber Techs., Inc.*,
333 F. Supp. 3d 927 (N.D. Cal. 2018) ..................................................................................... 10

*Quinn v. Walgreen Co.*,
958 F. Supp. 2d 533 (S.D.N.Y. 2013) ....................................................................................... 9

*Randy Knitwear, Inc. v. Am. Cyanamid Co.*,
11 N.Y.2d 5 (1962) .................................................................................................................... 8

*Sustainable Ranching Partners, Inc. v. Bering Pac. Ranches, Ltd.*,
No. 17-cv-2323-JST, 2017 U.S. Dist. LEXIS 176097 (N.D. Cal. Oct. 24, 2017)...................... 9

*Terry v. City of Pasadena*,
No. CV 18-7730 SJO (RAOx), 2019 U.S. Dist. LEXIS 132630 (C.D. Cal. Apr. 22, 2019).... 11

*Tomasino v. Estee Lauder Cos.*,
No. 13-cv-4692 (ERK) (RML), 2015 U.S. Dist. LEXIS 38918 (E.D.N.Y. Mar. 26, 2015)....... 4

*Tsai v. Wang*,
No. 17-cv-00614-DMR, 2017 U.S. Dist. LEXIS 91797 (N.D. Cal. Jun. 14, 2017)................. 10

*Tsuneyoshi Suruki v. Ocwen Loan Servicing, LLC*,
No. 15-cv-773-JST, 2016 U.S. Dist. LEXIS 96769 (N.D. Cal. July 22, 2016)......................... 9

*U.S. v. United Healthcare Ins. Co.*,
848 F.3d 1161 (9th Cir. 2016) ................................................................................................... 4

*Vigil v. General Nutrition Corp.*,
No. 15-cv-0079 JM (DBH), 2015 U.S. Dist. LEXIS 63506 (S.D. Cal. May 13, 2015) ............. 6

**Gordon Rees Scully Mansukhani, LLP**
**2211 Michelson Drive, Suite 400**
**Irvine, CA 92612**

*Williams v. County of Alameda*,
26 F. Supp. 3d 925 (N.D. Cal. 2014) ........ 11

*World Surveillance Grp. Inc. v. La Jolla Cove Investors, Inc.*,
No. 13-CV-03455-WHO, 2014 U.S. Dist. LEXIS 51464 (N.D. Cal. Apr. 11, 2014) ........ 10

**Statutes**

28 U.S.C. § 2072 ........ 9

Cal. Civ. Code § 3294 ........ 11

N.Y. U.C.C. § 2-607 ........ 9

**Rules**

FED. R. CIV. P. 12 ........ 1, 2, 4, 7, 11

FED. R. CIV. P. 15 ........ 1

FED. R. CIV. P. 16 ........ 1, 12

FED. R. CIV. P. 23 ........ 9

FED. R. CIV. P. 8 ........ 2, 4

FED. R. CIV. P. 9 ........ 2, 3, 4

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

## I. INTRODUCTION

The weak tea of Plaintiffs' opposition does not reenergize their fatally defective case or disturb the multiple reasons this Court should pull the plug. At the outset, the opposition does not justify the complaint's numerous unauthorized amendments, but reveals Plaintiffs' false belief that they had a free hand to amend as they pleased so long as no Court order expressly forbade the amendments. That self-arrogation turns Rules 15 and 16(b) upside down, and a strike order is necessary to correct it.

Nor does the opposition overcome the assembly of grounds for Rule 12(b) dismissal, starting with the absent foundation of its ingredient theory: the complaint does not plead that the challenged ingredients are missing, or too little, with either plausibility or particularity. From there, the case disintegrates into challenges of non-actionable puffery and relies on an implausible theory about energy drink potency foreclosed by Plaintiffs' own multiple repeat purchases. Claims for unjust enrichment, express warranty, injunctive relief, and punitive damages fail as a matter of law for claim-specific reasons the opposition does not refute. Each claim of New York plaintiff Hess also requires dismissal for lack of personal jurisdiction over VPX.

In all, the Court should grant in full VPX's motion to strike and dismiss as set out below and in VPX's original motion papers.

## II. ARGUMENT

### A. The Complaint Is Riddled With Unauthorized Amendments That The Court Should Strike.

The opposition makes no dispute that the new complaint contains many amendments that Plaintiffs inserted without Court authorization, let alone based upon any affirmative showing of good cause and diligence under Rule 16(b). The opposition cites no provision in the Court's order (dkt. 74) authorizing the amendments in question -- because there is none. Rather, the opposition imagines that Plaintiffs enjoyed a free hand to refashion their allegations as they saw fit so long as the Court's order did not expressly forbid this-or-that amendment. That arrogation inverts Rules 16(b) and 15(a), which do not permit pleading amendments in violation of a

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

scheduling order except when affirmatively justified by the party seeking the tardy amendments.

Similarly, the opposition posits that affirmative authorization for the amendments somehow materialized by implication because VPX's opposition to Plaintiffs' motion to amend highlighted specific examples of unwarranted additions to the then-proposed consolidated complaint. Apart from seeking to shirk Plaintiffs' burden to justify each pleading amendment, that argument ignores the reality that VPX did indeed object to the *entirety* of the proposed consolidated complaint and asserted the absence of good cause for each amendment therein. *E.g.*, dkt. 56 at 2 ("Plaintiffs' proposed amendments, *none of which* are substantively addressed in the motion [for leave to amend], are unrelated to the consolidation" and "for which there is no good cause") (emphasis added); *id*. at 3 (seeking total denial of leave to amend); *id*. at 6 ("Plaintiffs fail to show good cause for amendment"); *id*. at 10 ("Plaintiffs fail to address the substance of their proposed amendments in the motion, much less explain why they are warranted"); *id*. at 18 (motion for leave to amend "not supported by good cause").

Aside from Plaintiffs' failure to justify or obtain leave for the unauthorized amendments, the opposition ignores the new complaint's outright violation of the Court's order by its forbidden allegation that VPX broke the consumer laws "of all 50 states and the District of Columbia." Dkt. 79, ¶ 13; dkt. 74 at 6-7 (expressly denying leave).

Therefore, before considering the new complaint's Rule 12(b) defects, the Court should strike its unauthorized amendments as catalogued in Exhibit A. Dkt. 83.[1]

### B. The Complaint Requires Dismissal Because It Fails To Plead The Ingredient Theory Underlying Each Cause Of Action.

The opposition concedes that every cause of action depends on Plaintiffs' theory that the ingredients are not there, or in an alternative contradiction, that the ingredients actually *are* present, but in amounts too small to have effect. *E.g.*, dkt. 79, ¶¶ 41, 42, 84, 89, 94, 101, 108. The opposition likewise makes no dispute that every count in the complaint, save the warranty claim, sounds in fraud, requiring heightened pleading of that ingredient theory under Rule 9(b). Yet, whether the warranty claim is subject to Rule 9(b) or Rule 8, it relies just as indispensably

---

[1] Exhibit A to the motion begins with E.C.F. page number 26 at docket entry 83.

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

on the same ingredient theory as the other claims. They all fail due to Plaintiffs' inability to plead the ingredient theory beyond mere conclusions after four complaints to date.

It is not VPX's position that Plaintiffs were required to append chemical testing reports to their complaint. That is the opposition's straw man. However, to be sure, the law did require Plaintiffs to actually plead factual matter in support of their ingredient theory, as opposed to the complaint's mere conclusions. In that regard, it was *Plaintiffs*, not VPX, who held up the purported chemical testing as the factual matter that would drag their case across the *Twombly* plausibility threshold. Dkt. 79, ¶ 45 (purportedly incorporating three testing exhibits to complaint that do not exist). Yet, Plaintiffs failed to attach any such testing, plead the results, or allege any other facts to plausibly plead either the challenged ingredients' absence or their concentrations in relation to the effective dosages, even though that ingredient theory is their case's foundation. *Arabian v. Organic Candy Factory*, No. 2:17-cv-05410-ODW-PLA, 2018 U.S. Dist. LEXIS 45833, at *8-9 (C.D. Cal. Mar. 19, 2018) (allegations of the "lack of Real Ingredients in Gummy Cubs" "are the type of conclusory allegations that Rule 9 (b) was designed to prohibit"); *Dandy Veal, LLC v. Lehman*, No. 16-C-1565, 2017 U.S. Dist. LEXIS 78040, at *12 (E.D. Wis. May 23, 2017) (conclusory to allege defendant "directed Packerland to decrease the protein content of Lacto-Whey in order to save money on ingredients, but not to change the representations of the percentage of protein…contained in the written guaranteed analysis"); *Barr Labs., Inc. v. Quantum Pharms., Inc*., 827 F. Supp. 111, 118 (E.D.N.Y. 1993) (dismissal where "[p]laintiff has not pleaded any facts demonstrating that Quantum's generic drugs did not contain the active ingredients of the innovator drug as represented").

The opposition also left out the most critical part of the non-precedential order in *Chavez v. Nestle USA, Inc.*, 511 Fed. App'x 606 (9th Cir. 2013). There, quite unlike here, the complaint pled facts about the concentration or quantity of the disputed ingredient necessary to impart benefit. The *Chavez* order makes clear that the plaintiffs pled "that in order to obtain enough DHA from the Juicy Juice to promote potential brain development, young children need to consume an impractical and extremely high quantity of juice – more than a bottle's worth each day." *Id*. at 607.

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

Plaintiffs' opposition omitted that aspect of the *Chavez* ruling because their complaint contains nothing to plausibly allege what concentrations are supposedly required for each challenged ingredient's efficacy even in isolation, much less as integrated with other ingredients in the way consumers actually experience an energy drink. *See Tomasino v. Estee Lauder Cos.*, No. 13-cv-4692 (ERK) (RML), 2015 U.S. Dist. LEXIS 38918, at *11 (E.D.N.Y. Mar. 26, 2015) ("listing the product's ingredients and asserting one-by-one that they are ineffective is no less conclusory than claiming that the product as a whole does not work"); *Hodges v. Vitamin Shoppe, Inc.*, No. 13-3381 (SRC), 2014 U.S. Dist. LEXIS 5109, at *13 (D.N.J. Jan. 15, 2014) (Rule 12(b)(6) dismissal even where complaint alleged dosage below supposed effective threshold because "leap is made through nothing but speculation").[2]

It was also a bad idea for Plaintiffs to cite *Docken v. PetMatrix, Ltd.*, No. SACV 16-994 AG (KESx), 2017 U.S. Dist. LEXIS 24781 (C.D. Cal. Feb. 14, 2017), which makes another unfavorable comparison to their complaint. The *Docken* plaintiffs alleged that the disputed "99% digestible" dog treats actually contained "4.9% indigestible ingredients." *Id.* at *5. By contrast, Plaintiffs' complaint here alleges neither how much of the challenged ingredients the products contain, nor what quantities are supposedly necessary to impart benefit.

After four complaints among them, Plaintiffs have still not plausibly alleged under Rule 8 that the ingredients are absent or too little for effect, much less with Rule 9 (b) particularity. The ingredient theory underlying each claim is missing its indispensable foundation.

### C. The Complaint Requires Dismissal Because It Does Not Plead The Energy Drinks' Inefficacy And Cannot Plead That Plausibly.

The opposition makes no dispute that every cause of action also depends on Plaintiffs' theory that it was false or misleading to praise the products' performance as energy drinks. Yet, the opposition does not meaningfully confront the complaint's inability to plausibly plead the products' failure as energy drinks or any corresponding deception.

VPX's motion first pointed out that the operative complaint does not contain any

[2] The opposition's other Ninth Circuit citation did not even concern a consumer product. *U.S. v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1166 (9th Cir. 2016) (allegedly false certifications submitted in the Medicare Advantage Program).

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

allegation that the products or their combination of ingredients fail to stimulate or boost the energy levels of their drinkers. Nor does the complaint even allege that the products failed to do so for the named plaintiffs. *Bitton v. Gencor Nutrientes, Inc.*, 654 Fed. App'x 358, 364 (9th Cir. 2016) (affirming dismissal of warranty claim where "complaint does not allege that the Testofen products cannot increase free testosterone levels, nor does it even assert that the product failed to do so for the named Plaintiffs"). The absence of such allegations is a gaping void that the opposition does not even acknowledge.

Apart from that fatal defect, VPX's motion also laid out why Plaintiffs' own allegations actually foreclose their ability to plausibly allege any theory that it was somehow false or misleading to praise the products' potency as energy drinks. In that regard, the opposition makes no quarrel with the products' essential purpose as an "energy drink." Dkt. 79, ¶ 1. Then, the complaint confirms that each Plaintiff realized enough energy or stimulation from consuming the "energy drink[s]" to keep on purchasing them multiple or even numerous times over long periods of month or even years. *Id.* at ¶¶ 17, 21, 25.

These repeat purchases validate the products' performance as an energy drink, or at least render implausible Plaintiffs' theory that there is something false or misleading to the reasonable consumer in praising their energetic potency. Plaintiffs' own behavior manifests the satisfaction of their reasonable expectations about the products: reasonable consumers looking for an energy boost do not keep buying an energy drink that fails to deliver it for months or years. *Algarin v. Maybelline, LLC,* 300 F.R.D. 444, 454 (S.D. Cal. 2014) ("it sounds in common sense that making repeat purchases indicates that the customer's expectations have been met").

The opposition attempts to distinguish the *Algarin* decision's common sense on the grounds that makeup consumers can supposedly make immediate judgments of a cosmetic's effect. But, so too can consumers readily tell if they feel more energy after consuming an energy drink, which is why Plaintiffs kept repeatedly purchasing Bang®.

All causes of action require dismissal with prejudice because the complaint does not and cannot plead the products' inefficacy as energy drinks, let alone plausibly.

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

**D. All Claims Require Dismissal To The Extent They Invoke Puffery.**

VPX's motion cited six cases where federal courts found puffery to include statements that were analogous or considerably more concrete than the generalized marketing lingo challenged here. No liability can attach to the adjectives "Super" creatine and "Ultra" CoQ10, or the statement "Power up with Bang's potent & body-rocking fuel," because this language amounts to subjective puffing of superiority. *E.g.*, *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973-974 (N.D. Cal. 2008) ("powerful machine," "higher performance," and "packed full of fans and exhaust units to ensure optimum performance" were all "non-actionable puffery"); *Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1133 (N.D. Cal. 2013) (statements that computer was "ultra-reliable" and "packed with power" were "non-actionable puffery").

Against VPX's authorities, the opposition cites only one supposedly analogous case which is readily distinguishable. Because the *Vigil* case concerned a purported impotence treatment, the "potency" benefit disputed there had a specialized meaning that signified more than generalized praise: namely, "male potency" was a euphemism for the concrete promise of an erection. *Vigil v. General Nutrition Corp.*, No. 15-cv-0079 JM (DBH), 2015 U.S. Dist. LEXIS 63506, at *23 (S.D. Cal. May 13, 2015).

By contrast, the statements challenged here are subjective, non-actionable puffing. VPX therefore asks the Court to dismiss with prejudice every cause of action to the extent based on the superlatives "Ultra" and "Super," or the statements "Potent Brain and Body Rocking Fuel" and "Power up with Bang's potent brain & body-rocking fuel."

**E. The Opposition Repudiates The Complaint's Substantiation Theory.**

The opposition firmly disavows any claims predicated on an alleged deficit of affirmative substantiation for the challenged statements. Dkt. 89 at 11-12. The Court should therefore order the dismissal with prejudice of all claims to the extent they rest on the complaint's substantiation theory. *E.g.*, dkt. 79, ¶¶ 6, 7, 9, 10, 11.

**F. The Court Lacks Jurisdiction Over Hess's New York Claims.**

The opposition makes no attempt to establish any kind of connection between this forum and Hess's New York causes of action concerning New York purchases, nor does it argue that

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

VPX, a Florida corporation, is somehow subject to general jurisdiction in California. There is no personal jurisdiction over VPX in relation to Hess's claims, all of which require dismissal. FED. R. CIV. P. 12 (b)(2).

The opposition resorts arguing waiver, but this is VPX's very first Rule 12 motion or pleading of any variety. FED. R. CIV. P. 12(h)(1) (waiver results from omitting defense from Rule 12 motion or pleading). The Rule 12(b)(2) defense of lack of personal jurisdiction is not waived when, as here, the defendant asserts the defense in its initial Rule 12 motion. VPX's earlier motion to transfer the litigation to Florida was not a Rule 12 motion. Filing a non-Rule 12 motion, such as a motion to transfer, does not trigger waiver under Rule 12(h)(1). *See Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1474-1475 (9th Cir. 1988); *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012).

Hess also invokes former defendant John Owoc's motion to dismiss, but fails to explain how a motion filed by another defendant could possibly amount to a waiver by VPX. Meanwhile, given the Court's jurisdiction over the California claims of Imran and Madison, VPX had no alternative but to participate in this litigation to date, but it has not litigated in defense of Hess's Florida claims extensively enough to manifest a waiver. *See InfoSpan, Inc. v. Emirates NBD Bank PJSC*, 903 F.3d 896, 900-901 (9th Cir. 2018) (abuse of discretion to find waiver of personal jurisdiction defense in second suit after defendant unsuccessfully asserted lack of jurisdiction but then litigated to trial in first suit filed by same plaintiff covering same contract).

Finally, the opposition retreats to arguing that this district has pendent personal jurisdiction over Hess's claims, which effectively admits that there is no original jurisdiction. Hess's claims arise out of his retail purchase transactions at "various stores such as GNC" in New York. Dkt. 79, ¶ 21. They do not arise from the same factual nucleus as Imran or Madison's separate transactions in San Francisco, Sacramento, San Ramon, or at vitaminshoppe.com. *Id*. at ¶¶ 17, 25. Imran and Madison's claims therefore supply no basis for pendent claims of Hess. Worse, Hess purports to represent a class of New York purchasers (dkt. 79, ¶ 53), but has not made and cannot make any showing that conducting such putative class

litigation in California would be fair or convenient, either to VPX or the putative New York class members.

**G. The New York Express Warranty Claim Fails For Additional Reasons.**

Privity, which Hess lacks, is indeed necessary to claim breach of express warranty under New York law. *Koenig v. Boulder Brands, Inc*., 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) (dismissing consumers' express warranty claim against product manufacturer for failure to allege privity); *DiBartolo v. Abbott Labs*., 914 F. Supp. 2d 601, 624-625 (S.D.N.Y. 2012) ("Privity is normally an essential element of a cause of action for express warranty") (internal quotation marks omitted); *Ebin v. Kangadis Food, Inc*., No. 13 Civ. 2311 (JSR), 2013 U.S. Dist. LEXIS 174174, at *15-16 (S.D.N.Y. Dec. 9, 2013) ("because no personal injury is alleged, privity is thus required to assert a breach of warranty claim under New York law").

The opposition incorrectly argues that privity is no longer required, relying on the case of *Randy Knitwear* and other decisions following it. *Randy Knitwear, Inc. v. Am. Cyanamid Co.*, 11 N.Y.2d 5, 8 (1962). "However," as Judge Rakoff explained when he dismissed the express warranty claim in *Ebin*, "plaintiffs neglect to mention that *Randy Knitwear* preceded the enactment of the UCC, which displaced it." *Ebin*, 2013 U.S. Dist. LEXIS 174174, at *17.

In addition, the opposition does not dispute that Hess never provided notice of the alleged breach of warranty before filing suit, let alone reasonably prompt notice after his discovery of the alleged breach. Consequently, the opposition pretends that an alleged letter sent by Imran, who lives and purchased the products a continent away in California, somehow gave sufficient or fair notice that VPX breached warranties promised to Hess in New York. The opposition relies on the Imran letter as material purportedly incorporated in the complaint, but failed to file it as an exhibit with the opposition papers. Nor was it attached to the complaint itself. The Imran letter is the sole basis of Hess's bid to plead the indispensable element of notice. Yet, after Hess's three attempts to plead and the expiration of the deadline to amend, that letter's contents inexcusably remain mysterious and unknown, if it even exists.

Anyway, the purpose of requiring warranty claimants to give notice of the alleged breach is to permit the seller an opportunity to honor the warranty and cure the breach for buyers who so



Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

demand. It is an irreducible requirement of the substantive law that cannot be modified or set aside just because Hess wants class treatment. *Amchem Prods. v. Windsor*, 521 U.S. 591, 613 (1997) (Rule 23 "must be interpreted in keeping with…the Rules Enabling Act, which instructs that rules of procedure 'shall not abridge, enlarge or modify any substantive right'"); 28 U.S.C. § 2072(b). That is why Hess must fail in his attempt to transmute Imran's letter into notice of the breaches Hess allegedly experienced. *See In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 (RRM) (RLM), 2013 U.S. Dist. LEXIS 123824, at *85-90 (New York law requires that the buyer "must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy") (quoting N.Y. U.C.C. § 2-607(3)(a); *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013).

**H. The California Unjust Enrichment Claim Cannot Proceed.**

The California unjust enrichment claim requires dismissal now because the opposition makes no dispute that the complaint states no quasi-contract or constructive trust claim, let alone adequately. As this Court already determined, that alone dooms the claim. *See Sustainable Ranching Partners, Inc. v. Bering Pac. Ranches, Ltd.*, No. 17-cv-2323-JST, 2017 U.S. Dist. LEXIS 176097, at *23-24 (N.D. Cal. Oct. 24, 2017); dkt. 79, ¶¶ 113-117 (no such allegations).

The reason the complaint failed to allege quasi-contract is simple: it would fail as a matter of law because, as this Court explained, "a quasi-contract action for unjust enrichment does not lie where…express binding agreements exist and define the parties' rights." *Tsuneyoshi Suruki v. Ocwen Loan Servicing, LLC*, No. 15-cv-773-JST, 2016 U.S. Dist. LEXIS 96769, at *15 (N.D. Cal. July 22, 2016) (quoting *Cal. Medical Assn. v. Aetna U. S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151, 172 (2001). Plaintiffs' opposition reaffirms the existence and validity of an express warranty they allege to cover the same subject matter as the unjust enrichment claim. Dkt. 79, ¶¶ 106-112; *compare id.* at ¶¶ 113-117. Nowhere do they contend that the alleged express warranty is void, even though the absence of any applicable, enforceable contract provision is a necessary element to plead quasi-contract. *City of Los Angeles v. Sprint Sols., Inc.*, No. 2:17-cv-811-TLN-AC, 2019 U.S. Dist. LEXIS 187601, at *27 (E.D. Cal. Oct. 28, 2019). That is a separate basis for dismissal.

Faced with thoughtful decisions of this Court adverse to their position on these points of law, the opposition makes little attempt to distinguish the cases, but rather informs the Court that it got the law wrong. It did not. *E.g.*, *Overton v. Uber Techs., Inc.*, 333 F. Supp. 3d 927, 950 (N.D. Cal. 2018) (dismissing unjust enrichment claim with prejudice); *Tsai v. Wang*, No. 17-cv-00614-DMR, 2017 U.S. Dist. LEXIS 91797, at *23 (N.D. Cal. Jun. 14, 2017) (dismissing unjust enrichment claim due to failure to allege contract unenforceable or invalid); *City of Los Angeles*, 2019 U.S. Dist. LEXIS 187601, at *27 (same); *World Surveillance Grp. Inc. v. La Jolla Cove Investors, Inc.*, No. 13-CV-03455-WHO, 2014 U.S. Dist. LEXIS 51464, at *5 (N.D. Cal. Apr. 11, 2014) (dismissing unjust enrichment claim with prejudice because plaintiff explicitly pleaded the existence of enforceable agreements between the parties).

Further, any California unjust enrichment claim predicated on quasi-contract would fail because Madison and Imran do not plead, much less plausibly, that they directly conferred any benefit upon VPX. *Fabian v. Lemahieu*, No. 19-cv-54-YGR, 2019 U.S. Dist. LEXIS 172906, at *38-39 (N.D. Cal. Oct. 4, 2019) (dismissing with prejudice because "plaintiff does not allege that he and the purported class purchased Nano Coins from, or otherwise directly conferred a monetary benefit upon, the Nano Defendants"). On this point, the opposition conflates the requirement of directly conferring a benefit with issue of a contractual relationship. The opposition asserts the non-remarkable point that unjust enrichment does not require a contractual relationship between the parties. Indeed, as discussed above, quasi-contract requires that there *not* be any enforceable contractual relationship. However, VPX's challenge focuses on the separate failure and inability of Plaintiffs to plead that their purchases from third-party retailers directly conferred any enrichment upon VPX. Dkt. 79, ¶ 17, ¶ 25.

In all, the opposition does not effectively answer the California unjust enrichment claim's three fatal defects.

**I. The New York Unjust Enrichment Claim Also Fails.**

Hess conceded to VPX's arguments against his New York unjust enrichment claim. The opposition indicates that Hess will dismiss the claim. Dkt. 89 at 19, n. 12.



Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

**J. Plaintiffs Plead No Basis For Punitive Damages.**

The opposition takes the position that merely name-checking a defendant's CEO is somehow sufficient to plead "oppression, fraud, or malice." Dkt. 89 at 19; CAL. CIV. CODE § 3294 (a). Yet, the allegations Plaintiffs cite concerning VPX's CEO do not come close to pleading conduct in violation of section 3294(a)'s standard. Dkt. 79, ¶¶ 6-8. The generalized statements the complaint attributes to VPX's CEO are not even specific to Bang® products, let alone do they relate to the complaint's theories about the ingredients of Bang® or plausibly allege any corresponding ingredient-related fraud, oppression, or malice on the officer's part. *Id.*

That failure is why the opposition resorts to incorrect argument that there is something procedurally defective about moving to dismiss a request for punitive damages. There is not. *Opperwall v. State Farm Fire & Cas. Co.*, No. 17-cv-7083-YGR, 2018 U.S. Dist. LEXIS 39328, at *12 (N.D. Cal. Mar. 9, 2018) ("When a plaintiff alleges a claim for punitive damages, a court may dismiss the claim if the plaintiff fails to allege sufficient facts"); *Williams v. County of Alameda*, 26 F. Supp. 3d 925, 949 (N.D. Cal. 2014). "The proper vehicle for challenging the sufficiency of a punitive damages claim is a motion to dismiss under Rule 12(b)(6)." *Terry v. City of Pasadena*, No. CV 18-7730 SJO (RAOx), 2019 U.S. Dist. LEXIS 132630, at *23 (C.D. Cal. Apr. 22, 2019). The opposition's novel take on civil procedure would immunize punitive damages from any Rule 12 scrutiny. That is not the law.

**K. Plaintiffs Cannot Allege Prospective Standing To Seek An Injunction.**

Far from "ignor[ing] the Ninth Circuit's recent decision in *Davidson*" (dkt. 89 at 20), VPX's motion specifically articulated Plaintiffs' failures to plausibly allege any "actual and imminent, not conjectural or hypothetical" threat of future harm in line with the *Davidson* scenarios. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969-971 (9th Cir. 2018).

The opposition is silent about Madison's total failure to even try pleading like *Davidson*. The opposition also fails to engage, and thereby concedes, that, unlike *Davidson*, Imran and Hess's allegations effectively admit that they will not consider relying on the labeling again or develop any desire to repurchase until some speculative, hypothetical point in the future when they trust all the ingredients are there and the labeling is true. Imran and Hess have therefore

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612

conceded they have no imminent desire to repurchase, and in fact *presently desire not to*. No Plaintiff holds prospective standing to seek an injunction against any "actual and imminent" injury.

**L. There Are No Grounds For Further Pleading Amendments.**

Finally, the opposition's cursory, inchoate requests for still further leave to amend should be denied. *See* dkt. 89 at 1, 11, 19-20, 21. After four complaints among them to date, including their operative complaint's abuse of the leave to amend this Court already extended them, Plaintiffs neither identified nor proposed any new facts they might try to plead in a fifth complaint to salvage their claims. Much less did the opposition show diligence and good cause to plead any such new matters in violation of the scheduling order. Dkt. 74 at 2-3; FED. R. CIV. P. 16(b). They have enjoyed over a year to plead the basic foundation of their ingredient theory but still have not. *See* part II. B., *supra*. Those considerations alone should spell the end.

Moreover, any further amendment would be futile given the way Plaintiffs indelibly admitted their own satisfaction with the energy drinks' potency by repeatedly re-purchasing them over long periods of months or years. *See* part II. C., *supra*. The case's dependence on puffery, which is non-actionable on any set of facts, as well as incurable legal defects besetting specific causes of action, join to worsen the futility of any attempt at a fifth complaint. *See* parts II. D. to II. K., *supra*.

**III. <u>CONCLUSION</u>**

Following four attempts to plead, and now in the second year of this case, Plaintiffs remain unable to set out claims free of fatal defects. The Court should strike the unauthorized amendments and dismiss the complaint with prejudice.

Dated: December 17, 2019

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Timothy K. Branson*
M.D. Scully
Timothy K. Branson
Holly L.K. Heffner
Michael D. Kanach
Marc J. Kesten
Attorneys for Defendant
VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, 101 W. Broadway, Suite 2000, San Diego, CA 92101, my electronic mail address is mcerezo@grsm.com. On December 17, 2019, I served the foregoing document(s) entitled: **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE AND DISMISS CONSOLIDATED COMPLAINT** as follows:

☒ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Counsel for Plaintiffs ISMAIL IMRAN and ZACH HESS:**

Reuben D. Nathan
NATHAN & ASSOCIATES, APC
2901 W. Coast Highway, Suite #200
Newport Beach, CA 92663
Phone: (949) 270-2798
Fax: 619-330-1819
Email: rnathan@nathanlawpractice.com

Joel D. Smith
Lawrence T. Fisher
Yeremey O. Krivoshey
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Phone: (925) 407-2700
Fax: 925-407-2700
Email: jsmith@bursor.com
ltfisher@bursor.com
ykrivoshey@bursor.com

**Counsel for Plaintiff/Movant KUUMBA MADISON (Action 18-cv-06300):**
Jonathan Shub
Kevin Laukaitis
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Phone: 215-238-1700
Fax: 215-238-1968
Email: jshub@kohnswift.com
klaukaitis@kohnswift.com

Nick Suciu, III – Pro Hac Vice
BARBAT, MANSOUR & SUCIU PLLC
1644 Bracken Rd.
Bloomfield Hills, MI 48302
Phone: 313-303-3472
Fax: 248-698-8634
Email: nicksuciu@bmslawyers.com

Adam A. Edwards – Pro Hac Vice
Gregory F. Coleman – Pro Hac Vice
Mark E. Silvey – Pro Hac Vice
Justin G. Day – Pro Hac Vice
GREG COLEMAN LAW PC
800 S Gay Street, Suite 1100
Knoxville, TN 37929
Phone: 865-247-0080
Fax: 865-522-0049
Email: adam@gregcolemanlaw.com
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com
justin@gregcolemanlaw.com

Rachel Lynn Soffin
MORGAN AND MORGAN
Complex Litigation Group

201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Phone: 813-223-5505
Fax: 813-222-4787
Email: rachel@gregcolemanlaw.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on December 17, 2019 at San Diego, California.

Maria G. Cerezo