M.D. SCULLY (SBN: 135853)
mscully@grsm.com
TIMOTHY K. BRANSON (SBN: 187242)
tbranson@grsm.com
HOLLY L.K. HEFFNER (SBN 245384)
hheffner@grsm.com
MICHAEL D. KANACH (SBN 271215)
mkanach@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
101 W Broadway, Suite 2000
San Diego, CA  92101
Phone:  (619) 230-7441
Fax:  (619) 696-7124

Attorneys for Defendant
VITAL PHARMACEUTICALS, INC., d/b/a VPX SPORTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BANG ENERGY DRINK MARKETING LITIGATION | Case No. 4:18-cv-05758-JST-RMI *(Consolidated with 4:18-cv-06300)* <br><br> **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CONSOLIDATED COMPLAINT** <br><br> Date:  May 13, 2020 <br> Time:  2:00 p.m. <br> Dept.:  6 <br> Judge: Hon. Jon S. Tigar <br><br> Complaint filed:  September 19, 2018 <br> Consolidated Class Action Complaint filed: October 31, 2019 |

## I. INTRODUCTION

Nothing in the opposition retrieves this case from dismissal. After four complaints, Plaintiffs still cannot plead their liability theory of reasonable deception, let alone plausibly.

The labeling neither promises nor implies that VPX's Bang® energy drinks or their ingredients will deliver more than a delicious, sugar-free capacity to stimulate and energize, yet Plaintiffs do not plead that the products fall short in that purpose. They also have never alleged what other effects or benefits, of any "potency," they reasonably expected from the products but supposedly did not receive. Rather, Plaintiffs' own histories of multiple repurchases over long periods of months or years render implausible any theory of unmet expectations. In any event, the entire liability theory remains an attempt to impose liability for "potency" puffery that this Court has already ruled to be non-actionable as a matter of law.

Further, the demand for punitive damages does not plead facts to match the law's substantive requirement that an officer, director, or managing agent engage in allegedly culpable conduct.

Plaintiffs have failed again to state their case, this time after careful guidance from this Court. The opposition gives no reason to believe they could cure the fatal defects in a fifth complaint. Instead, the Court should dismiss the matter with prejudice, as set out in VPX's opening papers and below.

## II. ARGUMENT

### A. Plaintiffs' Liability Theory Remains Unpled, Stating No Plausible Deception Of Reasonable Consumers.

VPX's motion established that the case requires dismissal in whole because the complaint did not and cannot plausibly plead its liability theory: that the labeling is supposedly false, deceptive, or violative of warranties or reasonable consumer expectations because Bang's® composition somehow lacks "any effect" as a "potent" energy drink.

The opposition does not credibly dispute that Plaintiffs' liability theory condenses to one word: "potency." *E.g.*, dkt. 116, ¶¶ 1-2, 8, 14, 19-20, 23-24, 27-28, 34, 44. Pervading the complaint, "potent" and "potency" appear expressly at least 37 times, and the complaint's other

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

-1-

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS   Case No. 18-cv-05758
Case No. 18-cv-06300

1    allegations simply expound or repeat the potency theory in different words.

2            For example, the opposition attempts to narrowly refocus attention on the formalistic

3    matter of whether the ingredients Plaintiffs dispute are sufficient in quantities "to have any

4    effect." Opp., 2. That is merely another way to say that Plaintiffs dispute the products' potency.

5            In the same vein, the opposition also describes the liability theory as disputing the energy

6    drinks' capacity to "provide any effect on cognition or physical performance" or "physical or

7    mental benefit." Opp., p. 2. Again, those are just different ways to complain about the products'

8    potency.

9            Crucially, nowhere in four complaints or two oppositions to dismissal have Plaintiffs ever

10   once yet alleged what "effect on cognition or physical performance" or other "physical or mental

11   benefit" they were reasonably expecting from Super Creatine®, BCAAs, CoQ10, or the energy

12   drinks as a whole, but supposedly did not receive and enjoy. The complaint merely says that

13   Imran, Hess, and Madison each expected some sort of "health and wellness benefits." Dkt. 116,

14   ¶¶ 19, 23, 27; *id*. at ¶¶ 20, 24, 28 (some type of unpled "mental and physical benefits").

15           Attempting to obscure that failing beneath a superficial gloss of science, the latest

16   complaint touts a handful of purported research studies. Dkt. 116, ¶¶ 44-56. Yet, even if their

17   findings are 100% true, nowhere does the complaint allege, much less plausibly, that any

18   Plaintiff or other consumer reasonably expected the effects or benefits described in those studies

19   without obtaining them.

20           For example, none of the Plaintiffs allege they ever expected Bang® energy drinks to

21   improve their "muscle oxygen supply," "aerobic or anaerobic metabolism during endurance

22   exercise," "muscle soreness," "memory errors," "hand grip strength," "vertical jump," "protein

23   synthesis," "oxidative stress," or assorted other parameters featured in the studies. *E.g*., *id*. at ¶¶

24   48, 51, 55. The same goes for the complaint's various references to subjects like "Alzheimer's

25   disease," "dementia," "building muscle mass," "metabolism of skeletal muscle," "synthesis of

26   neurotransmitters," and "Parkinson's Disease." *Id*. at ¶¶ 2-3, 36-38.

27           The reason Plaintiffs do not allege any such reasonable expectations is simple: Bang's®

28   labeling neither makes nor implies promises about any of this. *Id*. at ¶ 57 (labeling example).

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

1    Rather, there remains no dispute that the purpose of an energy drink is simply to
2 stimulate and energize the brain and body.  That is why this Court already described Plaintiffs'
3 theory in those terms.  Dkt. 110 at 1 ("Specifically, Plaintiffs allege that VPX incorrectly touts"
4 products' capacity to "provide energy-boosting effects.").  In fact, the complaint actually admits
5 that is all reasonable consumers expected.  Dkt. 116, ¶ 44 (alleging tendency to "deceive or
6 confuse reasonable consumers" expecting products "to 'fuel' physical and mental activities").
7 Nowhere else does the complaint allege either that reasonable consumers or Plaintiffs themselves
8 ever expected some other benefit from the products or their ingredients that they did not get.
9    Indeed, aside from energy and stimulation, it strains the imagination to conceive what
10 other "effect on cognition or physical performance" or "physical or mental benefit" these
11 Plaintiffs can possibly claim to have reasonably expected but missed.  What else did they
12 somehow presume from the labeling that just isn't there?  None of their four complaints have
13 ever said, nor does the opposition.
14    So, setting aside puffery for now, energy and stimulation could be the only type of
15 beneficial "potency" at issue, and the complaint pleads no other.  Yet, nowhere does the
16 complaint allege that the Bang® energy drinks ever once failed to stimulate or energize these
17 Plaintiffs.  *Bitton v. Gencor Nutrientes*, Inc., 654 Fed. App'x 358, 364 (9th Cir. 2016) (affirming
18 dismissal of warranty claim where "complaint does not allege that the Testofen products cannot
19 increase free testosterone levels, nor does it even assert that the product failed to do so for the
20 named Plaintiffs").  Rather, the opposition now all but concedes that Bang® fulfills that purpose.
21 Opp., p. 2.
22    Similarly, if Plaintiffs reasonably expected some other physical or mental effect or
23 benefit different than "potent" energy and stimulation, they likewise have never alleged that their
24 repeated Bang® consumption failed to deliver it, in addition to their failure to even plead what
25 the supposedly missing effect or benefit was in the first place.  The opposition does not
26 acknowledge or confront these fatal deficiencies, which warrant dismissal without going further.
27 *See Gencor Nutrientes*, 654 Fed. App'x at 364.
28    However, apart from those repeated failures to plead reasonable deception, Plaintiffs'

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

-3-

1  multiple repurchases of Bang® energy drinks over months or years affirmatively *foreclose* any
2  plausible contention that they did not realize whatever mental or physical effect or benefit they
3  reasonably sought, whether that was "potent" energy and stimulation or something else their
4  complaint does not plead.  Dkt. 116, ¶¶ 19, 23, 27 (admitting multiple repurchases over
5  significant timespans up to two years).
6  These Plaintiffs appoint themselves under Rule 23(a) as typical of consumers whose
7  claims will rise or fall on the reasonable consumer standard, but reasonable consumers do not
8  keep repurchasing products that do not deliver reasonably expected benefits for months or years.
9  In that way, Plaintiffs' histories of multiple repurchases raise a strong inference that the products
10 met their expectations as the self-appointed typical consumers, meaning they got what they
11 bargained for, were not deceived, and have no injury.  *Algarin v. Maybelline, LLC*, 300 F.R.D.
12 444, 454 (S.D. Cal. 2014) ("it sounds in common sense that making repeat purchases indicates
13 that the customer's expectations have been met").[1]
14 Following *Algarin*'s reasoning, the Central District also noted that repeat purchasers of a
15 glue product "evidently are not misled by [its] packaging and are not injured by any
16 misrepresentation."  *Spacone v. Sanford, L.P*., No. 2:17-CV-02419-AB-MRW, 2018 U.S. Dist.
17 LEXIS 153916, at *22-26 (C.D. Cal. Aug. 9, 2018); *see also Moheb v. Nutramax Labs, Inc*., No.
18 CV 12-3633-JFW (JCx), 2012 U.S. Dist. LEXIS 167330, at *7 (C.D. Cal. Sep. 4, 2012)
19 (consumers "who derived benefit from Cosamin and are satisfied users" "have no injury and no
20 standing to sue").
21 The opposition's attempt to evade that common sense is not persuasive.  The placebo
22 effect or "influence of the…false advertising" are not germane where consumers can readily

---

[1] Plaintiffs do not credibly distinguish *Algarin*.  Contrary to the opposition, the *McCrary* case makes no attempt to distinguish *Algarin* or its common sense holding about repeat purchases.  *McCrary v. Elations Co., LLC*, No. EDCV 13-0242 JGB (SPx), 2014 U.S. Dist. LEXIS 200660, at *50 (C.D. Cal. Dec. 2, 2014) (sole mention of *Algarin* actually cites the case affirmatively).  Plaintiffs' reliance on *5-Hour Energy* is also misplaced.  That case concerned allegations that the energy shot, contrary to its labeling's express promise of five hours, "provides only a few minutes of energy, at most."  *In re 5-Hour Energy Mktg. & Sales Practices Litig*., No. MDL 13-2438 PSG (PLAx), 2017 U.S. Dist. LEXIS 13466, at *2 (C.D. Cal. Jan. 24, 2017).  Here, by contrast, Plaintiffs do not allege any failure to stimulate or energize, nor do they plead what other benefit they reasonably expected from Bang® or its ingredients but did not receive.

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, CA  92101

-4-

1  perceive for themselves whether an energy drink they just drank delivers energy and stimulation
2  to mind and body.  Plaintiffs do not allege the products are placebos, nor can they.  The
3  opposition effectively concedes that Bang® fulfills its essential purpose as an energy drink to
4  energize and stimulate Plaintiffs.  Opp., p. 2.  The complaint does not plead otherwise, nor allege
5  what other effects or benefits Plaintiffs reasonably expected from the labeling but did not
6  receive.

7  The opposition also cites a *dictum* in *Algarin* concerning dietary supplements "where the
8  purported benefits are hard to ascertain or take time to actualize."  *Algarin*, 300 F.R.D at 458.
9  Rather than energy drinks, the *Algarin* court had in mind dietary supplements like Vitamin C or
10 zinc when represented to boost immune function, for example, or omega oils marketed to support
11 cardiovascular health over time.  *See id*.  The actual existence of any such benefits tied to those
12 products may be difficult for individual consumers to perceive on an individual level, or may
13 only accrete gradually over long periods of habitual use.

14 Here, however, not once have these Plaintiffs ever alleged that they actually or
15 reasonably expected Bang®, or any of the disputed ingredients, to confer any similar benefit of a
16 type that would be hard to ascertain or take significant periods of time to manifest.  Instead, an
17 energy drink's capacity to stimulate and energize is almost immediately perceptible to those who
18 drink it.  *See Algarin*, 300 F.R.D. at 458 ("consumers can readily discern whether or not [the
19 makeup's] claimed duration is true").  The complaint does not plead what other effect or benefit,
20 of any character or potency, Plaintiffs reasonably expected.

21 Finally, the *Chavez* case does not help Plaintiffs.  There, the defendant allegedly
22 represented that the "DHA" ingredient in its "Juicy Juice" drink was effective to improve brain
23 development in young children.  *Chavez v. Nestle USA, Inc*., 511 Fed App'x 606, 607 (9th Cir.
24 2013).  The plaintiffs alleged they relied on those representations in purchasing the product.  *Id*.
25 Here, in contrast, Plaintiffs have never alleged what unpled "physical or mental benefit[s]" they
26 reasonably expected at purchase but supposedly did not receive when they drank Bang®
27 repeatedly over months or years.[2]

28
---
[2] Plaintiffs' other cases are also inapposite or unhelpful.  They do not deal with the plaintiffs'

-5-

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS      Case No. 18-cv-05758
                                                       Case No. 18-cv-06300

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

After four complaints, Plaintiffs' liability theory of reasonable deception remains not just unpled under Rules 9(b) and 8, but implausible by virtue of their own multiple repurchases, requiring dismissal with prejudice on those bases alone.

**B.     All Claims Require Dismissal Because They Rest On Puffery.**

To be sure, as set out in part A of this memorandum and VPX's opening papers, the entire case distills to the potency theory, but the Court has already ruled that potency messaging is non-actionable puffery as a matter of law. Dkt. 110 at 14. That independently requires the case's dismissal even if the Court does not find that the liability theory remains unpled or factually implausible.

In any event, the opposition makes no dispute that all of the following statements constitute non-actionable puffery, regardless of the particular cause of action they are asserted under:

1. "Potent"
2. "Power up with Bang's potent & body-rocking fuel"
3. "POTENT BRAIN AND BODY ROCKING FUEL" (*e.g.*, dkt. 116, ¶ 42)
4. "Ultra" CoQ10

The Court already ruled that statements 1, 2, and 4 are non-actionable, and the opposition does not contest that statement 3 is puffing just like statement 2. Dkt. 110 at 14.

Undeterred by the Court's previous dismissal order, the latest complaint re-asserts that VPX is liable for the puffery without any leave or credible rationale for doing so. The opposition cites no case holding or even suggesting that a plaintiff must reassert zombie allegations in disrespect of an interlocutory dismissal order to preserve issues for appellate review.

In sum, the Court has already ruled that the potency messaging is non-actionable puffing, which eliminates the indispensable essence of the complaint and its theory. If the Court

---

failure to plead what benefits they reasonably expected but missed, the plaintiffs' own multiple repurchases, or the related implausibility of their deception theories. *Forcellati v. Hyland's, Inc.*, No. CV 12-1983-GHK (MRWx), 2014 U.S. Dist. LEXIS 50600, at *29 (C.D. Cal. Apr. 9, 2014) (class certification arguments about absent class members); *Racies v. Quincy Bioscience*, LLC, No. 15-cv-00292-HSG, 2020 U.S. Dist. LEXIS 1550, at *2-4 (N.D. Cal. Jan. 4, 2020) (motion to exclude testimony of one non-party consumer).

-6-

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

1  nonetheless determines that any crumbs are left behind, dismissal is appropriate to the full extent
2  they invoke any of the four puffing statements.

3        **C.**      **Plaintiffs Plead No Basis For Punitive Damages.**

4        The opposition pretends that the motion seeks to impose a heightened pleading standard
5  for punitive damages. Opp., p. 5. That totally misses the point of the motion: after four
6  complaints, these Plaintiffs still have not pled the basic substantive requirements of Civil Code
7  section 3294 under *any* standard of pleading. In other words, the latest complaint still does not
8  allege acts of an individual officer, director, or managing agent that sink to the level of
9  oppression, fraud, or malice in regards to the liability theory concerning the disputed Bang®
10 products.

11       That Civil Code section 3294(b) required them to do so is plain. "With respect to a
12 corporate employer," the oppressive, fraudulent, or malicious conduct "must be on the part of an
13 officer, director, or managing agent of the corporation." CAL. CIV. CODE § 3294(b). That is
14 because "a company simply cannot commit willful and malicious conduct – only an individual
15 can." *Robinson v. J.M. Smucker Co.*, No. 18-cv-04654-HSG, 2018 U.S. Dist. LEXIS 78069, at
16 *17-18 (N.D. Cal. May 8, 2019); *see Xerox Corp. v. Far W. Graphics, Inc.*, No. C-03-4059-
17 JFPVT, 2004 U.S. Dist. LEXIS 20579, at *7 (N.D. Cal. Oct. 6, 2004) (dismissing claim for
18 punitive damages on that basis). Not long ago, this Court wielded section 3294(b)'s requirement
19 to grant summary judgment of a punitive damages claim because the plaintiff failed to depose
20 any "managing agent." *Aparicio v. Comcast, Inc.*, 274 F. Supp. 3d 1014, 1032 (N.D. Cal. 2017).

21       The opposition does not grapple with section 3294(b)'s requirement or the case law
22 applying it to dismiss punitive damages demands. Instead, it cites inapposite cases that do not
23 implicate section 3294(b) or rest on allegations not present here. *Fausto v. Credigy Servs. Corp.*,
24 598 F. Supp. 2d 1049, 1057 (N.D. Cal. 2009) (the court's assessment of punitive damages did
25 not even concern the Civil Code section 3294(b) argument presented by this motion); *Price v.*
26 *Kawasaki Motors Corp.*, USA, No. SACV 10-01074-JVS (RNBx), 2011 U.S. Dist. LEXIS
27 157631, at *23-23 (C.D. Cal. Jan. 24, 2011) (same; case does not address requirement of section
28 3294(b)); *Sloan v. 1st Am. Auto. Sales Training*, No. 2:16-cv-05341-ODW (SK), 2017 U.S. Dist.

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

LEXIS 58476, at *8 (C.D. Cal. Apr. 17, 2017) (motion to dismiss did not target the punitive damages demand, let alone based on section 3294(b), but merely considered potential for punitives in assessing CAFA amount in controversy requirement); *Franklin v. Ocwen Loan Servicing, LLC*, No. 17-cv-02702-JST, 2017 U.S. Dist. LEXIS 180455, at *8-9 (N.D. Cal. Oct. 31, 2017) (challenge not based on failure to plead requirement of section 3294(b)); *Kanfer v. Pharmacare US, Inc.*, 142 F. Supp. 3d 1091, 1108 (S.D. Cal. 2015) (unlike here, plaintiff made express allegations that senior officers and directors had full knowledge or reckless disregard of the alleged misconduct); dkt. 116 (no such allegations).

Here, the only allegations that mention any VPX officer do not plausibly allege fraud, oppression, or malice on the officer's part corresponding to the theory on which Plaintiffs seek to impose liability for the Bang® products. Dkt. 116, ¶¶ 12-13. Six of the allegations they level at Jack Owoc do not relate to the potency of Bang's® composition, nor even appear to concern Bang®, as opposed to other products in the VPX portfolio. *Id*. at ¶ 12(a), (b), (c), (f), (g), (h).

Beyond that, *none* of the matter in paragraphs 12-13 amounts to plausible assertion that he personally set out to devise or distribute an energy drink that shortchanges consumers with ingredients that fail to stimulate or energize them. Much less do paragraphs 12-13 plausibly plead that any such unalleged concrete acts he supposedly took in that regard were conducted oppressively, fraudulently, or maliciously. *Id.*; *id.* at ¶¶ 12(d), (e), 13. Serving as the "public face" of his company is certainly not an act of oppression, fraud, or malice. Similarly, "micromanagement," "hiring and oversight," or holding the "final say" are pleading clichés that any plaintiff could allege about any generic chief executive.

Because of their four complaints' successive failures to plead in conformance with section 3294(b), Plaintiffs resort to arguing that the Court is powerless to do anything about it, as though demands for punitive damages must be left to the "ultimate trier of fact" no matter how deficient the pleading. Opp., p. 6. That is not the law, and certainly not as decreed by this Court. The opposition twists this Court's *Franklin* decision, which holds nothing of the sort, nor even suggests that deficient demands for punitive demands are somehow exempt from Rule 12 challenge. *Franklin*, 2017 U.S. Dist. LEXIS 180455, at *8-9 (finding allegations sufficient to

-8-

Gordon Rees Scully Mansukhani, LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

withstand challenge that, unlike here, was not based on failure to plead requirement of section 3294(b)).  The opposition's only other citation on this question, from Florida, also misses the mark, given that a large chunk of that court's analysis expressly concerned whether the plaintiff there met "pleading requirements for punitive damages." *Doe v. Royal Carribean Cruises, Ltd.*, No. 11-23323-Civ-Goodman, 2012 U.S. Dist. LEXIS 36274, at *9 (S.D. Fla. Mar. 19, 2012).

### III. CONCLUSION

After four complaints, Plaintiffs have failed again to plead their liability theory, let alone plausibly and without relying on non-actionable puffing.  Dismissal with prejudice is warranted.  VPX respectfully asks the Court to grant the motion in full.

Dated:  April 30, 2020                                    GORDON REES SCULLY MANSUKHANI, LLP

By:    *s/ Timothy K. Branson*
       M.D. Scully
       Timothy K. Branson
       Holly L.K. Heffner
       Michael D. Kanach
       Attorneys for Defendant
       VITAL PHARMACEUTICALS, INC.,
       d/b/a VPX Sports

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the action.  My business address is:  Gordon Rees Scully Mansukhani, 101 W. Broadway, Suite 2000, San Diego, CA  92101.  My electronic mail address is sdaubert@grsm.com.  On April 30, 2020, I served the foregoing document(s) entitled:

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CONSOLIDATED COMPLAINT**

as follows:

☑ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case.  Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Counsel for Plaintiffs ISMAIL IMRAN and ZACH HESS:**

Reuben D. Nathan
NATHAN & ASSOCIATES, APC
2901 W. Coast Highway, Suite #200
Newport Beach, CA  92663
Phone:  (949) 270-2798
Fax: 619-330-1819
Email: rnathan@nathanlawpractice.com

Joel D. Smith
Lawrence T. Fisher
Yeremey O. Krivoshey
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Phone:  (925) 407-2700
Fax: 925-407-2700
Email: jsmith@bursor.com
ltfisher@bursor.com
ykrivoshey@bursor.com

**Counsel for Plaintiff/Movant KUUMBA MADISON (Action 18-cv-06300):**
Jonathan Shub
Kevin Laukaitis
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA  19103
Phone:  215-238-1700
Fax:  215-238-1968
Email: jshub@kohnswift.com
klaukaitis@kohnswift.com

Nick Suciu, III – Pro Hac Vice
BARBAT, MANSOUR & SUCIU PLLC
1644 Bracken Rd.
Bloomfield Hills, MI 48302
Phone: 313-303-3472
Fax: 248-698-8634
Email: nicksuciu@bmslawyers.com

Adam A. Edwards – Pro Hac Vice
Gregory F. Coleman – Pro Hac Vice
Mark E. Silvey – Pro Hac Vice
Justin G. Day – Pro Hac Vice
GREG COLEMAN LAW PC
800 S Gay Street, Suite 1100
Knoxville, TN  37929
Phone: 865-247-0080
Fax: 865-522-0049
Email: adam@gregcolemanlaw.com
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com
justin@gregcolemanlaw.com

Rachel Lynn Soffin
MORGAN AND MORGAN
Complex Litigation Group
201 N. Franklin Street, 7th Floor
Tampa, FL  33602
Phone: 813-223-5505
Fax: 813-222-4787
Email: rachel@gregcolemanlaw.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on April 30, 2020 at San Diego, California.

Sharon Daubert