M.D. SCULLY (SBN: 135853)
mscully@grsm.com
TIMOTHY K. BRANSON (SBN: 187242)
tbranson@grsm.com
HOLLY L.K. HEFFNER (SBN 245384)
hheffner@grsm.com
MICHAEL D. KANACH (SBN 271215)
mkanach@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
101 W Broadway, Suite 2000
San Diego, CA  92101
Phone:  (619) 230-7441
Fax:  (619) 696-7124

SARA ANDERSON FREY (*Appearing Pro Hac Vice*)
sfrey@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
1717 Arch Street, Suite 610
Philadelphia, PA  19103
Phone:  (215) 717-4009
Fax:  (215) 693-6648

Attorneys for Defendant
VITAL PHARMACEUTICALS, INC., d/b/a VPX Sports

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE BANG ENERGY DRINK MARKETING LITIGATION** | Case Nos. 4:18-cv-05758-JST *(Consolidated with 4:18-cv-06300)* <br><br> **DEFENDANT'S MOTION TO MODIFY THE BRIEFING SCHEDULE FOR CLASS CERTIFICATION** <br><br> Judge:  Hon. Jon S. Tigar <br> Magistrate Judge:  Robert M. Illman <br><br> Complaint filed:  September 19, 2018 <br> Consolidated Class Action Complaint filed: October 30, 2019 |

Pursuant to ECF 134, Defendant Vital Pharmaceuticals, Inc., d/b/a VPX Sports ("VPX") respectfully moves the Court to extend the current class certification briefing deadlines by 60-days to permit Defendant to proceed with certain depositions in person to avoid substantial prejudice of taking and defending those depositions via video.

///

-1-

**DEFENDANT'S MOTION TO MODIFY BRIEFING SCHEDULE**          Case No. 18-cv-05758 / Case No. 18-cv-06300

## I. PROCEDURAL BACKGROUND

### A. Current Deadlines

Plaintiffs' current class certification motion deadline is August 6, 2020. ECF 125. Defendant's response to the class certification motion is due September 8, 2020, and the reply deadline is October 8, 2020. *Id*. On April 1, 2020, the Parties stipulated to a 90-day extension of time for class certification briefing because the Parties' ability to complete discovery in advance of class certification has been impeded by the COVID-19 outbreak and ensuing shelter-in-place orders in California and Florida; and the parties anticipated that the outbreak will continue to impede deposition scheduling. ECF 125, 2:10-12 (*see also* ECF 124). On March 27, 2020, in light of the foregoing, the Court ordered the parties to propose new deadlines. *Id.*, at 2:13-15 (*see also*, ECF 124). The Parties agreed, subject to further unforeseen developments concerning the outbreak, that an approximate 90-day continuance will likely allow the parties to adequately complete needed discovery in advance of class certification. *Id.*, at 2:16-18.

### B. Proposed Deadlines

Defendant proposes a 60-day extension of the class certification deadlines, subject to further extensions in the event there are further complications arising out of the COVID-19 pandemic. On June 4, 2020, and prior to that date, Defendant asked Plaintiffs to stipulate to the requested scheduling modification, but Plaintiffs declined to extend the deadlines by 60 days.

### C. Requested Depositions

Plaintiffs served a Federal Rule of Civil Procedure 30(b)(6) deposition notice, subject to an agreement among the parties on a mutually agreeable date and location for the deposition. While depositions have been delayed and deadlines have been extended due to the COVID-19 pandemic, Plaintiffs asked Defendant to propose alternative dates in June for the 30(b)(6) deposition(s), with the request that the deposition(s) will occur remotely by video if necessary. Plaintiffs subsequently agreed to further postpone the 30(b)(6) deposition(s) by thirty (30) days until July, due to the continued spread of COVID-19 and the corresponding challenges, and to extend the current class certification briefing schedule by thirty (30) days.

The parties have conferred regarding the Plaintiffs' desire to conduct all 30(b)(6)

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

depositions prior to class certification. Plaintiffs' position is that all of the 30(b)(6) topics will have some impact on class certification, and particularly certain science issues. Therefore, Plaintiffs request all 30(b)(6) depositions before the August 6, 2020 deadline.

Plaintiffs also requested from Defendant potential dates for the depositions of three percipient witnesses identified in Defendant's initial disclosures – John H. Owoc, Meg Liz Owoc, and Dr. Liangxi Li, but have stipulated that those depositions could occur later if they are not 30(b)(6) witnesses or otherwise file declarations related to class certification briefing. Each of these three witnesses reside in Florida. Each of these three witnesses will likely serve as the 30(b)(6) witnesses for certain topics within Plaintiffs' deposition notice.

In addition to those witnesses, VPX intends to take the depositions *in person* of the three class representatives prior to Plaintiffs' motion for class certification. The class representatives reside in California and New York. ECF 116.

### C. Defendant Does Not Oppose All Remote Depositions

Defendant requests that the Court extend the current class certification deadlines for 60 days so that Defendant may proceed with certain in-person depositions – those of John Owoc, Meg Liz Owoc, and Dr. Liangxi Li, whether they are deposed as Rule 30(b)(6) witnesses or in their individual capacity, and the three class representatives (collectively "Depositions"). Defendant does not oppose proceeding with remote depositions of any other individuals who serve as 30(b)(6) witnesses. For instance, Defendant does not object to the remote deposition of its 30(b)(6) labeling witness.

Alternatively, Defendants request that the Court schedule a status conference 60 days from the filing of this Motion, so that the parties can address whether they have been able to proceed with the in-person Depositions. The current COVID-19 restrictions on non-essential travel and the fact that one or more of the witnesses and/or attorneys in the case are within high risk populations, in-person depositions are not likely to be possible in June; such depositions in even July are questionable.

## II. FACTUAL BACKGROUND

Since March, the novel Coronavirus (COVID-19) has impacted Courts and cases across the

United States, including – as relevant to this motion – in California, New York, and Florida.[1]

On March 11, 2020, the World Health Organization formally declared COVID-19 a global pandemic.[2] Two days later, the President of the United States declared a national emergency.[3] In a "defining moment" City and County of San Francisco officials took the "unprecedented step of placing San Francisco on lockdown for three weeks beginning Tuesday [March 17, 2020] at midnight."[4] On March 19, 2020, Governor Newsom of California announced a State-wide "stay at home" Order across the State of California.[5] On May 7, 2020, the Order of the California State Public Health Officer stated in an Order, "Today, COVID-19 continues to present a significant risk to the health of individuals throughout California."[6]

Similarly, in Florida, where VPX is located, Governor Ron DeSantis announced the execution of a bill declaring a state of emergency in Florida.[7] In the Southern District of Florida, on March 13, 2020, Chief Judge Moore issued an administrative order continuing all jury trials scheduled to commence between March 16, 2020, until March 30, 2020. Administrative Order 2020-18.[8] This was followed by Administrative Order 2020-20, dated March 18, 2020, placing many non-essential employees of the Courthouse in telework status immediately "to protect the safety and health of all those entering and working within the Courthouse." This decision was made in part

---

[1] Law360, "Coronavirus: The Latest Court Closures And Restrictions," March 12, 2020 (updated June 5, 2020), https://www.law360.com/articles/1252836/coronavirus-the-latest-court-closures-and-restrictions?nl_pk=ced9c16a-379c-499c-96f2-64126c2379b0&utm_source=newsletter&utm_medium=email&utm_campaign=special

[2] World Health Organization, March 11, 2020, *https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020*

[3] CNN, March 11, 2020, *https://www.cnn.com/2020/03/13/politics/donald-trump-emergency/index.html*

[4] San Francisco Examiner, March 16, 2020, *https://www.sfexaminer.com/news/in-defining-moment-san-francisco-to-order-residents-to-stay-home-over-coronavirus/*.

[5] NBCNews, March 19, 2020, https://www.nbcnews.com/news/us-news/california-issues-statewide-stay-home-order-coronavirus-fight-n1164471 "California issues statewide stay-at-home order in coronavirus fight - The order, which takes effect Thursday night, asks residents to leave their homes only when necessary."

[6] California Department of Public Health, "Order of the State Public Health Officer," May 7, 2020, https://www.cdph.ca.gov/Programs/CID/DCDC/CDPH%20Document%20Library/COVID-19/SHO%20Order%205-7-2020.pdf

[7] WCTV, March 9, 2020, *https://www.wctv.tv/content/news/Governor-Ron-DeSantis-declares-a-State-of-Emergency-568641081.html*

[8] *https://web.flsd.uscourts.gov/uploads/adminOrders/2020/2020-18.pdf*

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

because "there is recent evidence indicating that COVID-19 may be spread by persons who are asymptomatic."[9]

As a consequence of the threat posed by COVID-19, there have been impacts that will undoubtedly affect the Parties' ability to litigate this case as normal, including limitations on sizes of groups, limitations on travel, cancelled flights, school and summer camp closures (requiring childcare), closed offices due to local "shelter in place" restrictions[10], and related staffing concerns. Deposition scheduling involves evaluation of Federal, state, local, and business restrictions on travel, meetings, and business operations.

The virus has also impacted lawyers, caused delayed trials and court closures.[11]  Currently, in the Northern District of California, no new civil jury trials will be conducted before September 30, 2020, and all civil matters will be decided on the papers or through a remote hearing, if necessary.[12]  The Court's Order is because "the COVID-19 (Coronavirus Disease) outbreak remains a national public health emergency; and the Judges of the United States District Court for the Northern District of California continue to balance the various interests implicated by the COVID-19 public health emergency…" *Id.*  The stated basis for limiting who is present in person at Court is to protect the health of those people: "In order to protect the health of parties, attorneys, court staff, and other potential courthouse visitors, the court will continue to temporarily restrict courthouse access at all four locations due to the ongoing COVID-19 emergency"[13]

Defendant asks the Court to apply the same health-based concerns to this request for more time.  Relevant to this case, some of the Parties' witnesses are over 60 years old and are higher risk

---

[9] *https://web.flsd.uscourts.gov/uploads/adminOrders/2020/2020-20.pdf*
[10] SFGATE, Updated 3:31 pm PDT, Monday, March 16, 2020, "San Francisco ordered to shelter in place due to coronavirus" *https://www.sfgate.com/bayarea/article/shelter-in-place-San-Francisco-Mayor-London-Breed-15135075.php*
[11] Law360, "Coronavirus: The Latest Court Closures And Restrictions," March 19, 2020, *https://www.law360.com/articles/1252836/coronavirus-the-latest-court-closures-and-restrictions*; See also, *https://www.compulaw.com/webint/News/News/2020/COVID-19.pdf*.
[12] United States District Court, Northern District of California, General Order 72-3, "IN RE: Coronavirus Disease Public Health Emergency," May 21, 2020.
[13] United States District Court, Northern District of California, General Order 73, "Continuing Temporary Restrictions on Courthouse Access due to COVID-19 Public Health Emergency" (Amended May 21, 2020).

of complications and death from COVID-19 because of their age, and are advised to stay home, not travel, or be in groups larger than 10. For example, the White House and CDC have advised against gatherings of 10 or more people. The CDC website currently states, "Because travel increases your chances of getting infected and spreading COVID-19, **staying home is the best way to protect yourself and others from getting sick**." (emphasis in original)[14]  The White House issued Coronavirus guidance on March 16, 2020, called "The President's Coronavirus Guidelines for America – 15 Days to Stop the Spread," which instructed people that "**IF YOU ARE AN OLDER PERSON**, stay home and away from other people." (emphasis in original)[15]  The guidance also stated "Older people are particularly at risk from the coronavirus." Even for those under 60 years of old, the White House guidance provides instruction to avoid spreading the coronavirus. "Even if you are young, or otherwise healthy, you are at risk and your activities can increase the risk for others. It is critical that you do your part to slow the spread of the coronavirus." That guidance includes the following instructions: "Work or engage in schooling **FROM HOME** whenever possible." "**AVOID DISCRETIONARY TRAVEL**, shopping trips, and social visits." "**AVOID SOCIAL GATHERINGS** in groups of more than 10 people." (emphasis in original).  The CDC advised people not to travel within United States for non-essential travel if there is spread of COVID-19 where the travel is occurring, on its webpage specifically targeting people traveling within the United States.[16]  There are reported cases of COVID-19 in every state, including specifically those states and counties where the Parties anticipate traveling to and taking depositions.[17]  Many VPX witnesses and third party witnesses are located in Florida where VPX is located; VPX's counsel are

---

[14] https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-in-the-us.html.
[15] *https://www.whitehouse.gov/wp-content/uploads/2020/03/03.16.20_coronavirus-guidance_8.5x11_315PM.pdf*
[16] Center for Disease Control, United States of America government website, March 19, 2020, *https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-in-the-us.html*:
> CDC does not generally issue advisories or restrictions for travel within the United States. However, cases of coronavirus disease (COVID-19) have been reported in many states, and some areas are experiencing community spread of the disease. Crowded travel settings, like airports, may increase chances of getting COVID-19, if there are other travelers with coronavirus infection. There are several things you should consider when deciding whether it is safe for you to travel.

[17] New York Times, March 19, 2020, *https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html*, "Coronavirus Map: U.S. Cases Surpass 10,000," Updated March 19, 2020, 11:28 A.M. E.T.

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

located in the San Francisco Bay Area and San Diego, CA; Plaintiffs class representatives are located in Brooklyn, NY; Elk Grove, CA; and San Ramon, CA; and other witnesses and experts may be located throughout the United States.  While the Parties are willing to use technological methods available to them for certain witnesses, and video-conferences may be available for some locations (with appropriate IT support staff available to assist), Defendant contends that it cannot adequately defend or take certain important depositions remotely using video conferencing capabilities. Counsel must have the option to be present to defend and take certain depositions in this case.  In addition, office closures and staffing issues will undoubtedly cause delays and issues with respect to the use of paper exhibits for video conference depositions.  It is Defendant's hope that the 60-day modifications to the schedule proposed below will alleviate many if not all these concerns, barring any further complications arising from COVID-19.

## II. ARGUMENT

### A.    A Modification of the Class Certification Briefing Schedule is Warranted

United States District Courts have broad power to stay proceedings. *Landis v. North American Co*., 299 U.S. 248, 254 (1936).  It is within the court's "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket"); *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972).

In reviewing a request for a stay, the Court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255.  As part of its analysis, the "district court should consider the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268.

### 1. Defendant will be prejudiced if the Depositions proceed remotely

Plaintiffs seek to certify an enormous class of consumers and claim multiple millions of dollars in alleged damages and attorneys' fees against VPX. Defendant seeks to take and defend – *in person* and safely – certain depositions of the parties and corporate representatives involved in this potential class action. The instant matter is a complex high stakes class action, where the pre-certification depositions are, not only significant for class certification, but, crucially important to determining the outcome of the case. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) ("Discovery relating to class certification is closely enmeshed with merits discovery, and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation") (citing *Manual for Complex Litigation 2d* § 30.12 (1985)). Given the magnitude of the potential claims and damages affected by the requested depositions, VPX will be prejudiced by proceeding with them remotely. Defendant and its counsel will be unduly prejudiced if they are required to prepare for and defend these highly significant depositions remotely by video.

Government imposed travel restrictions and social distancing guidelines severely hamper defense counsel's ability to effectively prepare for the Depositions and safely take and/or defend them. Attorneys defending depositions play an important role in preparing witnesses for their depositions, and such preparation is a critical part of the process. The Depositions embrace complex subject matters that require the review and analysis of numerous documents. Defense counsel's inability to meet with their witnesses in-person to prepare would significantly impair their ability to properly prepare those witnesses. Additionally, defense counsel's inability to be physically present with the witnesses during the Depositions undermines counsel's ability to effectively defend or take those Depositions.

Prior decisions by this District and other California courts requiring remote depositions during the pandemic are inapposite. In the following California cases, the courts have not mandated remote depositions involving a party in a class action like the instant proceeding. For example, in *Newirth v. Aegis Senior Communities, LLC*, the plaintiffs' expert witness, not the parties', depositions were at issue. No. 16-cv-03991-JSW (RMI), 2020 U.S. Dist. LEXIS 92541, at *3 (N.D. Cal. May 27, 2020). The *Grano v. Sodexo Management, Inc.* case to which this District referred in

*Newith*, involved the depositions of fact witnesses, not parties to a class action. No. 18cv1818-GPC(BLM), 2020 U.S. Dist. LEXIS 72862, at *4 (S.D. Cal. Apr. 24, 2020). Similarly, the collection of cases summarized in *Grano* and cited in *Newith* involved depositions of non-parties, instances in which the parties did not object to remote depositions, and court orders allowing, not requiring, remote depositions. *See United States ex rel. Chen v. K.O.O. Constr., Inc.*, No. 19cv1535-JAH-LL, 2020 U.S. Dist. LEXIS 81866, at *2 (S.D. Cal. May 8, 2020) (Rule 30(b)(6) depositions of former employees at issue); *SAPS, LLCS v. Ezcare Clinic, Inc.*, No. 19-11229, 2020 U.S. Dist. LEXIS 69575, at *4 (E.D. La. Apr. 21, 2020) (both parties agreed to remote depositions); *Velicer v. Falconhead Capital LLC*, No. C19-1505 JLR, 2020 U.S. Dist. LEXIS 64494, at *5 (W.D. Wash. Apr. 13, 2020) ("Although the court understands the parties' preference for taking depositions in person, given the present circumstances, the court urges the parties to consider available alternatives."); *Sinceno v. Riverside Church in the City of N.Y.*, No. 18-cv-2156 (LJL), 2020 U.S. Dist. LEXIS 47859, at *1 (S.D.N.Y. Mar. 18, 2020) ("all depositions in this action **may be taken** via telephone, videoconference, or other remote means) (emphasis added); *Kaseberg v. Conaco, LLC*, No. 15-cv-01637-JLS (DHB), 2016 U.S. Dist. LEXIS 111767, at *1, 4 (S.D. Cal. Aug. 19, 2016) (motions involving non-party, witness deposition); *Carrico v. Samsung Elecs. Co., Ltd.*, No. 15-cv-02087-DMR, 2016 U.S. Dist. LEXIS 44841, at *2 (N.D. Cal. Apr. 1, 2016) (evaluating fact witness, not party, depositions); *Lott v. United States*, No. C-07-3530 PJH (EMC), 2008 U.S. Dist. LEXIS 111176, at *1 (N.D. Cal. July 25, 2008) (considering witness depositions). Here, Defendant objects to certain depositions occurring remotely.

As this District has previously concluded, there are times that remote depositions of key witnesses prejudice a party. *United States v. Approximately $57,378 in United States Currency*, No. C08-5023 MMC (BZ), 2010 U.S. Dist. LEXIS 121022, at *1-4 (N.D. Cal. Oct. 27, 2010) (explaining that the in-person deposition was necessary to assess credibility, observe demeanor, and ask follow-up questions). Such is the case here.[18] Because Defendant will be prejudiced by being forced to

---

[18] In addition to the other limitations addressed, there are potential language barriers with Dr. Li's deposition. Not only are the 30(b)(6) topics on which he will testify, including, product ingredients, formulation, and testing, highly technical and the most important issues regarding the

**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101

participate in remote depositions of the Parties and key witnesses, the Court should extend the current class certification briefing schedule.

### 2. Plaintiffs will not be prejudiced by a brief extension

Plaintiffs will not be unduly prejudiced, or face any tactical disadvantage, by the requested extension. Indeed, Plaintiffs only seek monetary damages. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (noting that the plaintiff would not be subjected to continuing harm since it "sought no injunctive or declaratory relief" and at worst the extension would "delay [] its monetary recovery, with possible (though by no means certain) loss of prejudgment interest").

Furthermore, it is highly unlikely that there would be any degradation of memories or the loss of material evidence during the brief extension that Defendant requests. Accordingly, the potential damage to Plaintiffs' case and any hardships that Plaintiffs may suffer as a result of the extension are *de minimis*, if not entirely absent. Defendant does not seek to prolong the litigation. Rather, a short additional 60 day delay in the class certification motion deadline, which was previously extended 90 days per stipulation, will benefit the parties to ensure party depositions can take place safely and without prejudice to either party.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully asks the Court to extend the class certification briefing schedule by 60 days, so that Defendant may, by that time, hopefully be able to safely proceed with the in-person depositions of certain 30(b)(6) depositions, including Jack Owoc, Meg Liz Owoc, Dr. Liangxi Li, and the Plaintiff class representatives. Alternatively, Defendant respectfully seeks an order scheduling a status conference in approximately 60 days, so that the Parties can address whether the depositions of Mr. Owoc, Mrs. Owoc, Dr. Li, and the class representatives may proceed in-person and safely in light of the status of the COVID-19 pandemic at that time.

---

merits of this potential class action, but Defendant is considering the need to employ a Chinese translator for his critical testimony. While this District has acknowledged that such language barriers may not preclude remote depositions, prior decisions did not involve party representatives, nor class actions. *Compare* Carrico, 2016 U.S. Dist. LEXIS 44841, at *2-5 (N.D. Cal. Apr. 1, 2016) *with Grano*, 2020 U.S. Dist. LEXIS 72862, at *10-11 (S.D. Cal. Apr. 24, 2020) ("Plaintiffs and Cargill agreed to indefinitely postpone [the] deposition based upon Sodexo's representation that English is not her primary language and she does not have ready access to a home computer").

-10-

**DEFENDANT'S MOTION TO MODIFY BRIEFING SCHEDULE**   Case No. 18-cv-05758 / Case No. 18-cv-06300

Dated:   June 5, 2020                    Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI LLP**

By: */s/ Michael D. Kanach*
M.D. Scully (State Bar No. 135853)
Timothy K. Branson (State Bar No. 187242)
Holly L.K. Heffner (State Bar No. 245384)
Michael D. Kanach (State Bar No. 271215)
Sara Anderson Frey (pro hac vice)
101 West Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7441
Fax: (619) 696-7124
mscully@grsm.com
tbranson@grsm.com
hheffner@grsm.com
mkanach@grsm.com
sfrey@grsm.com

*Counsel for Defendant*
*VITAL PHARMACEUTICALS, INC. d/b/a VPX SPORTS*

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the action. My business address is: Gordon Rees Scully Mansukhani, 101 W. Broadway, Suite 2000, San Diego, CA 92101. My electronic mail address is mkanach@grsm.com. On June 5, 2020, I served the foregoing document(s) entitled:

**DEFENDANT'S MOTION TO MODIFY BRIEFING SCHEDULE FOR CLASS CERTIFICATION**

**DECLARATION IN SUPPORT OF MOTION**

**PROPOSED ORDER**

as follows:

☑ **BY ELECTRONIC SERVICE THROUGH THE CM/ECF SYSTEM** which automatically generates a Notice of Electronic Filing at the time said document is filed to all CM/ECF Users who have appeared in this case. Service with this NEF constitutes service pursuant to FRCP 5(b)(E).

**Counsel for Plaintiffs ISMAIL IMRAN and ZACH HESS:**

Reuben D. Nathan
NATHAN & ASSOCIATES, APC
2901 W. Coast Highway, Suite #200
Newport Beach, CA 92663
Phone: (949) 270-2798
Fax: 619-330-1819
Email: rnathan@nathanlawpractice.com

Joel D. Smith
Lawrence T. Fisher
Yeremey O. Krivoshey
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Phone: (925) 407-2700
Fax: 925-407-2700
Email: jsmith@bursor.com
ltfisher@bursor.com
ykrivoshey@bursor.com

**Counsel for Plaintiff/Movant KUUMBA MADISON (Action 18-cv-06300):**
Jonathan Shub
Kevin Laukaitis
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Phone: 215-238-1700
Fax: 215-238-1968
Email: jshub@kohnswift.com
klaukaitis@kohnswift.com

Nick Suciu, III – Pro Hac Vice
BARBAT, MANSOUR & SUCIU PLLC
1644 Bracken Rd.
Bloomfield Hills, MI 48302
Phone: 313-303-3472
Fax: 248-698-8634
Email: nicksuciu@bmslawyers.com

Adam A. Edwards – Pro Hac Vice
Gregory F. Coleman – Pro Hac Vice
Mark E. Silvey – Pro Hac Vice
Justin G. Day – Pro Hac Vice
GREG COLEMAN LAW PC
800 S Gay Street, Suite 1100
Knoxville, TN 37929
Phone: 865-247-0080 / Fax: 865-522-0049
Email: adam@gregcolemanlaw.com
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com
justin@gregcolemanlaw.com

Rachel Lynn Soffin
MORGAN AND MORGAN
Complex Litigation Group
201 N. Franklin Street, 7th Floor
Tampa, FL  33602
Phone: 813-223-5505
Fax: 813-222-4787
Email: rachel@gregcolemanlaw.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on June 5, 2020 at San Diego, California.

*/s/ Michael D. Kanach*
Michael D. Kanach